### S. A. McGEE v. THE STATE.

*No. 1079.    Decided May 26th, 1897.*

**1.   Local Option—Requiring State to Disclose Private Prosecutors.**

On a trial for violating local option, where defendant, in order to be enabled to inquire of jurors as to their relationship to parties employing counsel to prosecute, offered to prove by one of the counsel so employed, the names of his employers, and that they were the same parties who had offered a reward for evidence to convict in such cases.   Held:  The evidence was properly excluded.

**2.   Remarks of Court as to Materiality of Testimony—Harmless Error When.**

In passing upon the admission or rejection of testimony, the court should refrain from expressing any opinion as to its effect or weight; the same being prohibited by statute.  But where such comments are indulged in by the court, they will not require a reversal, unless such action is reasonably calculated to operate prejudicially to the accused.   Where the remark of the court, in regard to certain testimony was, "it is not very material, but it may go to the jury."   Held:  Harmless error, the testimony in fact having but slight, if any, bearing at all in the case.

**3.   Local Option—Evidence.**

On a trial for violating local option, the testimony of a State's witness to the effect, that he had six boys and had been troubled and annoyed because they had been drinking in the local option precinct.   Held:  The testimony appeared to be rather beneficial, than injurious to defendant, and therefore if it was illegal, it would not constitute reversible error.

**4.   Same —Verdict.**

On a trial for a violation of local option, under an information, the verdict is not vitiated by using the word, "indictment," instead of "information," nor because the word "fine" is omitted in connection with the sum of money mentioned as part of the punishment.

APPEAL from the County Court of McLennan.    Tried below before Hon. W. H. JENKINS, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty day's imprisonment in the county jail.

The case, as discussed in the opinion, needs no further statement to illustrate any of the questions decided.

*J. T. Harrison* and *J. E. Yantis*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of selling intoxicating liquors in a local option precinct, and his punishment assessed at a fine of $25 and twenty days' imprisonment in the county jail; hence this

appeal. When the case was called, and the parties had announced "ready for trial," appellant made a motion to require the State to disclose the names of the parties employing counsel to assist the County Attorney in the prosecution of the case, and offered to prove by Major Pearre, who was assisting the County Attorney in this prosecution, that he was employed by the same parties whose names appear signed to a reward of $25 offered by said parties for sufficient evidence to convict persons for violating the local option law in precinct No. 3 of McLennan County. As stated, the purpose in seeking this testimony was to enable appellant to inquire of the jurors if they were related, within the prohibited degrees, to the parties who had employed said counsel. This testimony was correctly excluded. See, Moore v. State, 36 Tex. Crim. Rep., 574; McInturf v. State, 20 Tex. Crim. App., 335; Heacock v. State, 13 Tex. Crim. App., 97. Appellant objected to the action of the court in permitting the State to prove to the jury by Zack Davis that he and others had offered a reward for the conviction of violators of the local option law, but had withdrawn the offer of said reward, and that said withdrawal had been published in the papers. The objection is based upon the proposition that the publication itself was better evidence of the withdrawal of the offer; that the contents of the publication could not be proved by oral testimony. We deem it unnecessary to discuss this question. The published notice itself was introduced in evidence, and it contained nothing except the revocation of the former offer of reward, and the witness did not undertake to testify to anything except the fact that said offer had been revoked. This matter has no merit. While said witness, Davis, was on the stand, the defendant proved by him that a number of parties, including himself, had organized this company for the purpose of prosecuting violations of the local option law in that precinct, and had offered a reward of $25 for sufficient evidence to convict any one violating said law, which offer was general. Defendant's counsel then asked the witness the following question: "Is the organization a secret one that offers rewards for testimony to convict in local option cases?" The State objected to this question on the ground that it was immaterial. The court overruled the objection, stating when he did so that "it is not very material, but it may go to the jury." The court should refrain from expressing any opinion in regard to the effect or weight of testimony, in passing upon its admission or rejection, and the statute prohibits such comments; but, under the unbroken line of decisions, in order to require a reversal under such circumstances the action of the court must be reasonably calculated to operate prejudicially to the accused. If the testimony is immaterial, or slightly material, and could have had no appreciable effect on the verdict of the jury, this court will not reverse when such comments are indulged in by the trial court. In the light of this record and the bill of exceptions, we do not believe it is a question having any weight, or carrying any probative force, whether the organization was or was not secret. But, if the testimony

had any bearing, it was so slight that it could not have affected the case, and it may be observed here that the appellant was given the lightest punishment for a violation of the local option law.   In another bill of exceptions, appellant complains of the action of the court in permitting this same witness, Davis, to state, that he had six boys, and had been troubled and annoyed in said local option precinct because his boys had been drinking.   Objection was urged that this testimony was calcu lated to prejudice the rights of the defendant before the jury, and the trouble the witness may have had with his wayward sons threw no light upon the transaction, either before the court or jury.   Just why the State desired this testimony, or the defendant objected to it, is not very clear, because it could serve but one purpose that we can see, to-wit: to affect the credibility of the witness; and as he was an adverse witness to the defendant, placed on the stand by the State, it occurs to us that defendant was benefitted, rather than injured, by such impeachment. The admission of illegal testimony would hardly cause a reversal unless it tended to operate injuriously to the party objecting.   It would scarcely be ground for reversal if the testimony was favorable to such party objecting.   There are some criticisms made on the verdict of the jury.   It reads as follows: "We, the jury, find the defendant guilty as charged in this indictment, and assess his punishment at $25.00 and 20 days in the county jail."   The criticisms are—First, that appellant was not tried upon an indictment, but an information, and the verdict is vicious be- bause the word "indictment" is used instead of said word "informa- tion"; and the second criticism is that the word "fine" is omitted in connection with the "$25.00" mentioned as part of the punishment. These objections are hypercritical.   No man could read the verdict of the jury, in connection with the pleadings in the case and the charge of the court, without understanding what was intended by the jury.   The verdict of the jury is sufficient.   The judgment is affirmed.

*Affirmed.*