### J. L. WILSON v. THE STATE.

#### No. 5328.  Decided March 19, 1919.

#### 1.—Receiving Stolen Property—Evidence—Condition of Defendant—Poor Health.

Where, upon trial of receiving stolen property, there was evidence by the alleged thief that the brand was changed on the alleged stolen sheep in the presence of the defendant, the defendant should have been permitted to show his age and poor state of health to show that he was inactive and would not take notice of things that a healthy younger man would take, or to notice the circumstance that the sheep placed in his pasture by the alleged thief were stolen sheep, the conviction depending upon circumstantial evidence.

#### 2.—Same—Remarks by Judge—Reversible Error.

Where, upon trial of receiving stolen property, the defendant offered to show his old age and poor state of health bearing upon the proof of guilty knowledge, and the trial judge remarked: "I believe it is admissible upon another theory; the penalty would be from two to four years' imprisonment, and if the defendant should be convicted, the jury might take into consideration his age and the condition of his health in fixing the penalty, and I will admit the testimony," the same was reversible error. Following McGee v. State, 37 Texas Crim. Rep., 668, and other cases.

Appeal from the District Court of Sutton. Tried below before the Hon. James Cornell, judge.

Appeal from a conviction of receiving stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. E. Blackburn, W. A. Wright, M. E. Sedberry, Horace E. Wilson,* for appellant.—On question of excluding testimony as to age and physical condition of defendant and remarks by the court: Wilson v. State, 17 Texas Crim. App., 525; Crook v. State, 27 id., 198; Melton v. State, 58 Texas Crim. Rep., 86; Walling v. State, 59 id., 279; Davis v. State, 65 Texas Crim. Rep., 271, 143 S. W. Rep., 1161; Betts v. State, 65 Texas Crim. Rep., 358, 144 S. W. Rep., 677.

*E. A. Berry*, Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for receiving stolen property. Some sheep were stolen by appellant's son, Henry and one Kiser from the ranch of Faulkner which was situated about six or seven miles from the ranch of appellant. Kiser and Henry Wilson drove the sheep, about 160 head, to appellant's ranch consisting of about twelve hundred acres. They reached there about midnight, put the sheep in a pen without telling appellant. The next morning, according to the testimony of Kiser, they, in appellant's presence, painted a figure seven in front of the letter H which was painted on the sheep. They remained in his pasture for something like a month, and were then taken by Kiser and Henry Wilson to the ranch of the latter on the Divide. Henry Wilson had another ranch near that of Faulkner, on which he had stock.

The central issue was the knowledge of appellant that the sheep were stolen. Kiser said appellant took no part and gave no directions in painting the brand. The State relied on circumstances alone to corroborate the accomplice and show appellant's knowledge that the sheep were stolen. Appellant had another son, Tom Wilson, and claimed that some six years prior to the offense, he had bought some sheep and sold them to his son Tom, who had sold them to Henry, who since that time had been running the sheep, and that he (appellant) had no knowledge of the theft but believed the sheep were a part of them owned by his son Henry, He said Henry had made previous arrangements to pasture some sheep in the pasture of appellant and that Kiser had previously brought some sheep and put them in his pasture claiming that they belonged to Henry Wilson.

When Kiser and Wilson removed the sheep, the State's evidence showed that a witness asked appellant if he was going out of the sheep business, getting rid of his sheep, and that appellant replied: No, not exactly, that he was going to send the sheep to Henry's ranch; that his grass was short and the wolves bad and that Henry's pasture had a wolf-proof fence. A deputy sheriff testified that some months after the sheep had been taken away from appellant's premises that he inquired of the appellant where the sheep came from, and appellant said they were sheep he had bought in Mason County and had let Tom have them and Tom had let Henry have them; that he had bought the sheep in Mason County about six years before.

The appellant proved his age as 68 years and offered to prove that he had been in bad health for a certain length of time, to which, upon the State's objection, counsel for the appellant stated the evidence of bad health was offered to show that in connection with his age that he was inactive and would not take the notice of things that a younger and more active and healthy man would take,

and would not be apt to notice any fact or circumstance tending to show that any sheep put in his pasture was stolen sheep. Whereupon the trial judge remarked in the presence of the jury: "I believe it is admissible upon another theory. The penalty would be from two to four years in the penitentiary, and if the defendant should be convicted, the jury might take into consideration his age and condition of his health in fixing the penalty, and I will admit the testimony." These remarks were excepted to upon several grounds.

The appellant insists that the evidence is not sufficient, stressing the failure of the State to corroborate the accomplice Kiser. We do not find any direct corroboration of Kiser's testimony to the effect that appellant, saw him while he was changing the brand. The fact that the sheep were stolen and driven by Kiser and Henry Wilson to appellant's pasture is well established by the evidence, and we think the circumstances are sufficient to support a finding by the jury that appellant learned of their theft. Cyc. vol. 34, p. 527, note 97 and cases cited. There was evidence that the seven painted on the sheep appeared newer than the H; that the sheep remained in appellant's pasture for some time; that he handled some of them in doctoring them for worms; that while he disclaimed his presence at the time they were branded by Kiser, he was on the premises; that Kiser had previously brought some sheep which he had stolen to appellant's pasture; that appellant had some opportunity to have acquainted himself with the sheep which his son owned; that the inference of a claim of ownership was deducible from the testimony that appellant said he was sending them to Henry's pasture.

The State's dependence, however, being upon circumstances alone, it was permissible for the appellant to introduce every relevant circumstance from which a conclusion could be drawn favorable to his innocence. Vernon's Tex. Crim. Stats., vol. 2, p. 595; Taylor v. State, 81 Texas Crim. Rep., 359, 195 S. W. Rep., 1147. In deciding whether facts proven were such as to exclude any reasonable hypothesis except the guilty knowledge of appellant, the appellant, we think, was entitled to have the jury afforded the privilege of considering the evidence of his age and infirmities due to sickness. These may have, in their opinion, dulled his powers of perception and the alertness of his mind to a degree that would have led them to the conclusion that the incidents noticeable by one more active, would have escaped his attention, and would, if discerned, have made an impression upon him different from that made by the same facts upon the State witnesses or upon the jury. Being entitled to the consideration of this evidence on the issue of his guilty knowledge, the court's action in limiting it to the issue of the amount of punishment was unauthorized. Even if the admissibility of the evidence was doubtful, the remarks of the court in admitting it constituted a comment prejudicial to the appellant in that it

was susceptible to the construction by the jury that in the mind of the court the evidence of guilt was such as to render it necessary that the appellant should introduce evidence to mitigate the punishment. The statute, article 787, C. C. P., provides that "in ruling on the admissibility of evidence the judge shall not discuss or comment upon the weight of the same or its bearing on the case, but shall simply decide whether or not it is admissible; nor shall he at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case."

The evidence was offered for its supposed favorable bearing on the proof of guilty knowledge of the theft. The remark of the court, in effect disclosed that to his mind it had no bearing on that issue, but that it did have a bearing on the amount of punishment which the jury might assesss. Expressions by this court on the subject of the effect of the statute quoted will be found in McGee v. State, 37 Texas Crim. Rep., 668; Moore v. State, 33 Texas Crim. Rep., 306; Simmons v. State, 55 Texas Crim. Rep., 441; Gribble v. State, recently decided. The evidence being wholly circumstantial, and that showing guilty knowledge quite conflicting, we think the incident mentioned was such as to require a reversal of the judgment.

*Reversed and remanded.*