### JOHNNIE WHITEHEAD v. THE STATE.

No. 12869.   Delivered December 4, 1929.
Rehearing denied January 15, 1930.

The opinion states the case.

*G. O. Crisp* and *Angus G. Wynne,* both of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

The property stolen was some cotton seed, and the direct evidence, including the confession of the appellant, is quite sufficient to support the verdict.

The appellant was employed to haul cotton seed and deliver it to a gin in the city of Kaufman for the account of Huston Brothers, the owners. The particular cotton seed in question was delivered to the appellant. According to his confession and other circumstances, he did not deliver it to the gin but carried it to another town, sold it, and received a check in payment for it.

A bill of exceptions complains of the introduction in evidence of the various duplicates of cotton seed tickets issued by the gin in Kaufman to which it was the appellant's duty to deliver the cotton seed. His objection is based upon the fact that the witness who testified and identified the books which were introduced in evidence could not testify that he made or saw made all of the entries in the book which contained the list (or purported to contain the list) of all the cotton seed received at the gin during a certain period. The purpose of the testimony was to prove in a negative way that the cotton seed was not delivered at the gin according to contract. The witness testified directly that the cotton seed in question was never delivered, as we understand, from personal knowledge. A discussion of the propriety of receiving in evidence the books under the circumstances is deemed unnecessary. However, the ruling of the court was in accord with the decision of this court in the case of Scoggins v. State, 92 Tex. Cr. R. 424, 244 S. W. 535. See also Wigmore on Evidence, Vol. 2, p. 1895, sec. 1530. Independent of the books and duplicates, the evidence showing the guilt of the accused is conclusive. He introduced no defensive testimony.

The only other question raised is the proposition that the trial must be reversed because the record fails to show that which it should show with reference to the election and qualification of the special judge. The particular point urged is that the record of the transaction fails to state the number of votes that were received by the special judge who qualified and presided at the trial. The record, as made, shows that the election was held and that there were present the sheriff, the district clerk and nine lawyers, who were named. It further recites that the Honorable Ross Huffmaster was legally elected as such special judge, he having received the ma-

jority of all the votes cast. Art. 1891, Rev. Civ. Stat., 1925, states that the clerk shall enter upon the minutes the record of the election, showing the names of all lawyers present and participating, the fact of the proclamation, "the number of ballots at such election and the number of polls for each person, and the result of the election; and that the oath prescribed by law has been duly administered to the special judge." The validity of the transaction was not questioned in the court below. There is nothing in the record to show that any lawyer other than Judge Huffmaster received any votes. The assumption that others did not receive votes is not to be indulged against the record. However, if the point shows any irregularity in the record, the facts are sufficient to justify on appeal the ruling that the judge who presided was at least a *de facto* judge. See Ruling Case Law, Vol. 15, p. 518, subd. 8.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The minutes of the trial court show that the sheriff made proclamation of the election to be held for a special judge, made necessary by the failure of the regular judge to appear; also the names of the attorneys participating in said election; also that Hon. Huffmaster received a majority of the votes and was declared elected; that he took the oath of office; that he presided at the trial of this case; that no objection was made by appellant to his so sitting; that no complaint was made in the court a quo of the minute entry referred to. If there was any ground for complaint at the minute entry, with which we are not in accord, we would be constrained to hold that the accused waived objection thereto. Our statute provides that the accused may waive anything except trial by jury in a felony case. The testimony, wholly aside from that now argued as objectionable, was amply sufficient to support the judgment.

The motion for rehearing is overruled.

*Overruled.*