## W. T. DUNN v. THE STATE.

No. 13005. Delivered April 2, 1930.
Rehearing Denied January 28, 1931.
Application for Leave to File Second Motion for Rehearing Denied
February 11, 1931.

524

The opinion states the case.

*L. J. Truett,* of McKinney, and *Sam Neathery,* of Houston, for appellant.

*J. E. Abernathy,* Co. Atty., and *W. C. Dowdy,* Asst. Co. Atty., both of McKinney, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is knowingly becoming indebted to a state bank by an officer without first having obtained the written consent of the majority of the board of directors; the punishment, confinement in the penitentiary for four years.

A former appeal is reported in 110 Texas Crim. Rep., 616, 9 S. W. (2d) at page 1035.

Appellant was cashier of the Altoga State Bank. He was indebted to Higginbotham-Bailey-Logan Company in the sum of five hundred dollars, and gave in payment of said debt a check in the sum of five hundred dollars drawn upon the Altoga State Bank. The State's testimony showed that said check was paid out of the funds of the bank by appellant, although he did not have the amount of the check to his credit. It was further shown by the State that the bank was not indebted to appellant in the amount of five hundred dollars. The board of directors did not give their written consent to appellant to become indebted to the bank in the sum mentioned.

Appellant offered no testimony.

As shown by bill of exception No. 1, the State introduced in evidence the ledger sheet of appellant's account with Higginbotham-Bailey-Logan Company, which showed that appellant was indebted to said company in the sum of five hundred dollars. In laying a predicate for the introduction of said account, the head of the accounting department of the company was called to testify. It appeared from his testimony that he had supervision of the books, records and accounts of said company; that he worked from fifteen to twenty people in his department; that the personnel of the department changed from time to time; that the company did a business of from eight to ten million dollars each year; that the record introduced in evidence was a permanent record of his depart-

ment; that it was made under his supervision; that he thought the records of his department were correctly kept.

Appellant objected to the introduction in evidence of the account on the ground that the witness did not make the records; that he did not see them made; that he did not see the records until long after they were made; and that his testimony was hearsay and the expression of an opinion on his part. In connection with his statement relative to the account, the witness identified a check in the sum of five hundred dollars dated September 30, 1926, drawn on the Altoga State Bank by appellant, and received by the company in payment of appellant's account.

It appears that it would be almost impossible and altogether impracticable to call to testify each witness who had sold appellant merchandise during the time he was dealing with Higginbotham-Bailey-Logan Company. There were a multiplicity of transactions, participated in necessarily by many different employees. We are of the opinion that the exception to the general rule discussed by Mr. Wigmore in Volume 3, 2d Ed., section 1530, pp. 276-279, is applicable here. We quote his language as follows:

"The conclusion is, then, that, where an entry is made by one person in the regular course of business, recording an oral or written report, made to him by one or more other persons in the regular course of business, of a transaction lying in the personal knowledge of the latter, there is no objection to receiving that entry under the present exception, provided the practical inconvenience of producing on the stand the numerous persons thus concerned would in the particular case outweigh the probable utility of doing so. Why should not this conclusion be accepted by the courts? Such entries are dealt with in that way in the most important undertakings of mercantile and industrial life. They are the ultimate basis of calculation, investment, and general confidence in every business enterprise; nor does the practical impossibility of obtaining constantly and permanently the verification of every employee affect the trust that is given to such books. It would seem that expedients which the entire commercial world recognizes as safe could be sanctioned, and not discredited, by courts of justice. When it is a mere question of whether provisional confidence can be placed in a certain class of statements, there cannot profitably and sensibly be one rule for the business world and another for the courtroom. The merchant and manufacturer must not be turned away remediless because methods in which the entire community places a just confidence are a little difficult to reconcile with technical judicial scruples on the part of the same persons who, as attorneys, have already employed and relied upon the same methods. In short, courts must here cease to be pedantic and endeavor to be practical."

In discussing the foregoing exception to the general rule, this court,

in Scoggins v. State, 92 Texas Crim. Rep., 424, 244 S. W., 535, 537, speaking through Judge Hawkins, said:

"On account of disposing of the case on other grounds it may be unnecessary to decide the question here discussed, yet, in view of another trial, we think it not improper to intimate that we think the suggestions of Mr. Wigmore applicable to the instant case. We do not intend to intimate that any witness who could add verity to the entries should be dispensed with unless conditions make it impossible or impracticable to produce him, and this should appear from the record."

See also Whitehead v. State, 113 Texas Crim. Rep., 532, 22 S. W. (2d) 921.

The purpose of the State in introducing appellant's account was to show that appellant was indebted to Higginbotham-Bailey-Logan Company in the sum of five hundred dollars, and that he thereafter, on October 1, 1926, paid said indebtedness from the funds of the Altoga State Bank by executing a check on said bank which he paid out of the funds of the bank without the written consent of the board of directors, he having no account in the bank at the time and the bank not being indebted to him in said sum. There was no issue as to whether the account was correct. If we should be in error (and this is not conceded) in holding that the exception to the general rule discussed by Mr. Wigmore is applicable, we are of the opinion that the fact that appellant was indebted to said company was shown by other evidence, which was admitted without objection on the part of appellant. The check in question was identified by the bank examiner as having been delivered to him by appellant at the time the bank failed. This witness testified that appellant was carrying the check as a cash item of the bank. It was shown on the face of the check that the sum of five hundred dollars had been paid by appellant to Higginbotham-Bailey-Logan Company. Hence the allegation in the indictment that appellant was indebted in such amount to Higginbotham-Bailey-Logan Company appears to have been sustained by testimony other than that to which apellant objected. In the state of the record, if the ledger account was erroneously received— and this is not conceded—we would not feel warranted in ordering a reversal.

Discussion of the foregoing bill of exception is applicable to bills of exception Nos. 2 and 3.

Bill of exception No. 4 presents the following occurrence: Appellant offered in evidence a deed of trust which he and others had executed to Clint Farley as trustee for the purpose of securing payment to the Altoga State Bank of the amount involved in the present prosecution, as well as other sums which appellant had borrowed from said bank. The deed of trust was admitted in evidence over the objection of the State that it was irrelevant and immaterial. It constituted no defense, and the State's

objection was well taken. In admitting said instrument, the court made remarks in the presence and hearing of the jury as follows: "The court permits the deed of trust to be introduced in evidence, but the court verbally instructs the jury that the deed of trust itself does not show a defense to the prosecution as set out in the indictment in this case, but that the jury in case they should convict the defendant might and may consider it in mitigation of the punishment." Thereafter the court embodied in its charge substantially the same instruction, that is, the court limited the evidence touching the deed of trust to the question of mitigation in the event the jury should convict appellant. Appellant objected to the limitation and to the remarks of the court as follows: "The defendant then and there excepted to the limitation put on the effect of said instrument by the court, and to the instructions given the jury with reference to it." We deem it unnecessary to determine whether the remarks of the court were proper and whether the court was correct in placing the limitation upon such evidence. Appellant offered no testimany, except the deed of trust to which reference has been made. His guilt was made plain by testimony that appears to have been uncontroverted. The deed of trust was not admissible for the defense for any purpose. If the deed of trust had gone to the jury without limitation being placed upon it, it would have been of no benefit to appellant when considered in the light of the charge of the court to the effect that it was a violation of the statute for an officer of a state bank to become indebted to such bank without first having obtained the written consent of the majority of the board of directors. In authorizing the jury to consider the deed of trust in mitigation of the penalty in the event of a conviction, the court extended to appellant a benefit he was not entitled to under the law.

On the former appeal a reversal was predicated upon the remarks of the court. In addition to the remarks considered here, the court stated to the jury in the other trial that "no officer of the bank and no officer of the banking department can authorize anybody to violate the law." We held that the language referred to was not free from the imputation that the court was of the opinion that the State's testimony was true and that appellant was guilty as charged. Appellant testified in his own behalf in his first trial to the effect that the bank owed him a larger sum than the five hundred dollars he had paid to Higginbotham-Bailey-Logan Company. In the present case appellant offered no testimony, except the deed of trust under consideration. As we understand the record, the testimony failed to raise an affirmative defense. That the remarks of the court during appellant's first trial were calculated to prejudice appellant is obvious. Such is not true in the present case. Instead of being reasonably calculated to operate prejudicially to appel-

lant, such remarks and the limitation contained in the charge were reasonably calculated to operate beneficially to appellant.

In the case of McGee v. State, 37 Texas Crim. Rep., 668, 40 S. W., 967, in overruling the State's objection to certain testimony offered by appellant, the trial court remarked: "It is not very material, but it may go to the jury." In refusing to reverse the case because of such remarks, this court, speaking through Judge Davidson, said:

"The court should refrain from expressing any opinion in regard to the effect or weight of testimony, in passing upon its admission or rejection, and the statute prohibits such comments; but, under the unbroken line of decisions, in order to require a reversal under such circumstances, the action of the court must be reasonably calculated to operate prejudicially to the accused. If the testimony is immaterial or slightly immaterial and could have had no appreciable effect on the verdict of the jury, this court will not reverse when such comments are indulged in by the trial court."

Touching the instruction limiting the testimony, if the charge was improper, the opinion is expressed that the error, if any, was not calculated to injure the rights of the appellant. Hence under the provisions of Article 666, C. C. P., a reversal would not be warranted.

It was alleged in the indictment that appellant issued the check to Higginbotham-Bailey-Logan Company when he did not have said amount to his credit upon the books of the bank. The court instructed the jury to acquit appellant if they believed he had said amount or a larger amount of his own money to his credit on the books of the bank. Appellant objected to the charge on the ground that it introduced matters not alleged in the indictment, was on the weight of the evidence, placed a greater burden on appellant than the law warranted, and was prejudicial to his rights. It was undisputed that appellant had borrowed twenty-five hundred dollars from another bank and that said amount had been placed to the credit of appellant on the books of the bank. Appellant had secured the loan by placing as collateral with the lender certain assets of the Altoga State Bank. The credit of twenty-five hundred dollars was not placed to appellant's individual checking account. It was undisputed that said sum of money belonged to the Altoga State Bank, and that appellant had no right to draw checks against said amount. Appellant and the bank examiner had discussed the matter and it was their mutual understanding that the amount of the loan belonged to the bank, and that no checks could be issued by appellant against it. Appellant had issued many checks, including the five hundred dollar check issued to Higginbotham-Bailey-Logan Company. None of these checks had been charged to the account carrying the twenty-five hundred dollar credit. Practically all of said checks had been paid out of the funds of the bank and were being carried by appellant as cash items

belonging to the bank. The averment in the indictment to the effect that appellant did not have five hundred dollars to his credit when he issued a check to Higginbotham-Bailey-Logan Company and paid it out of the funds of the bank, in our opinion, meant that appellant did not have an actual credit on the books of the bank against which it was proper to charge his individual checks. The opinion is expressed that the objections to the charge were not well taken.

It is appellant's contention that the court should have instructed the jury, as timely and properly requested by him, that he should be acquitted if the bank owed him five hundred dollars or more at the time he paid the check issued to Higginbotham-Bailey-Logan Company. One of the State's witnesses testified on cross-examination by appellant that appellant received a salary of one hundred dollars per month, payable on the twenty-second of each month, and that on the twenty-second of October, 1926, there was due appellant six months salary, aggregating six hundred dollars. On re-direct examination, the witness testified as follows: "I do not remember whether his salary had been paid past April or not, the truth about the business is I don't know when it was paid." The evidence showed that appellant turned over to the bank examiner at the time the bank was closed numerous checks given by appellant to various parties and paid out of the funds of the bank. These checks aggregated a sum in excess of five hundred dollars. They were being carried by appellant as cash items belonging to the bank. They bore dates from April, 1926, until the last of September, 1926. Said checks were being carried as cash items belonging to the bank at the time appellant issued the check to Higginbotham-Bailey-Logan Company. If the bank had owed appellant six months salary he had long since taken said amount up prior to the issuance of the Higginbotham-Bailey-Logan check. Aside from the checks that were being carried as cash items, appellant's indebtedness to the bank in the form of notes and overdrafts exceeded five thousand dollars. The record clearly shows that the bank was not indebted to appellant in any sum. The testimony of the witness failed to raise the issue contended for by appellant. Reduced to its last analysis, the testimony of said witness was to the effect that he didn't know when appellant's salary had been paid. The issue not being raised, the court properly refused to instruct the jury as requested by appellant.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The gist of this case is,—did appellant while cashier of the Altoga State Bank, and at a time when he did not have $500.00 to his credit in said bank, and did not have that amount owing to him by said bank,—give a check for $500.00 on said bank and cause it to be paid out of the funds of the bank?

That he was such cashier at the time, is clear. That he did not have said sum to his credit on October 1, 1926, was proved; Mr. Holderness, bank examiner, testified, without objection, that on October 16, 1926, he examined the Altoga State Bank and that appellant's account was overdrawn on each date from September 14, 1926, to October 16th, —the date of examination. That appellant gave a check for $500.00 to Higginboham-Bailey-Logan Company of Dallas (herein referred to as H. B. L. Co.) on October 1, 1926, drawn on said bank, which was paid out of the funds of said bank, was established and was not denied further than a plea of not guilty denies all material allegations in an indictment. Mr. Holderness swore that on November 22nd, after the bank burned, he went up there to see about it and appellant gave him a $500.00 check drawn in favor of H. B. L. Co. on October 1, 1926, which was endorsed by the H. B. L. Co. to the Republic National Bank of Dallas, and by that bank to any other bank or trust company,—appellant telling Mr. Holderness at the time that said check in question belonged to the bank and was being carried as cash. Appellant did not testify or put on the stand any witness herein.

Appellant's main contentions, based on three bills of exception, were that Duke, head of the accounting department of H. B. L. Co.; Eagle, manager of the transit department of the Federal Reserve Bank at Dallas, and Bassett, manager of the transit department of the Republic National Bank of Dallas, were each allowed to testify to certain records in their offices not made by them, not seen by them until after they were made, the correctness of which they could not know by personal contact, and whose correctness would be better attested by the records themselves. As solving these questions we note that in each instance as part of the predicate for the introduction of this testimony, the witness said that he was the head of his department, that the record testified to was a part of the permanent records of said department, was correctly kept, and that the staff of employes in the office ranged from fifteen to twenty in H. B. L. Co. to eighty or ninety in the Federal Reserve Bank.

The check in question was, without objection, put in evidence, and bore appelalnt's signature in his own handwriting, and was shown to be drawn on said Altoga State Bank, dated, and endorsed as above set out, and payable to H. B. L. Co.

We think these contentions of appellant referred to were properly disposed of in the original opinion, and in addition to the authorities

there mentioned we cite Underhill's Crim. Ev., Sec. 98; Busby v. State, 51 Texas Crim. Rep., 289, 103 S. W., 638; Davis v. State, 61 Texas Crim. Rep., 611, 136 S. W., 45; Moore v. State, 87 Texas Crim. Rep., 77, 219 S. W., 1097.

We are still of opinion that in regard to the deed of trust offered by the defense,—there was no hurtful error in the court's verbal limitation of the purpose for which same might be considered by the jury.

We are also of opinion that the fact that appellant wrongfully placed to his own credit money borrowed for the bank and upon the bank's collateral, and which money belonged to the bank, could not be taken advantage of by him in asserting that the court erred in telling the jury in the charge that credits to appellant's account at such time to be available to him to meet said check, must be credits of his own money.

The motion for rehearing will be overruled.

*Overruled.*