## J. M. RADFORD GROCERY CO. v. ESTELLINE STATE BANK.

### No. 4092.

Court of Civil Appeals of Texas. Amarillo.
Nov. 22, 1933.

Rehearing Denied Jan. 15, 1934.

W. E. Lessing, of Abilene, for appellant.

Hamilton, Fitzgerald & Grundy, of Memphis, for appellee.

HALL, Chief Justice.

The appellee bank sued the appellant grocery company, alleging, in substance, that on or about April 19, 1931, J. L. McCollum was engaged in the mercantile business in the city of Estelline. That his stock of merchandise and fixtures were insured against loss or damage by fire, and that on said date a fire occurred and the loss was adjusted by the several insurance companies for the total sum of $6,862.82. That at the time of the loss McCollum was indebted to the appellant grocery company and divers other creditors in different sums. That after the loss McCollum and his creditors, including the appellant, agreed that, upon the adjustment of the loss and the payment of the proceeds, McCollum was to receive the sum of $500 in cash and the balance should be prorated among his creditors. That, for convenience in collecting the money due from the insurance companies, it was agreed between McCollum and his said creditors that McCollum should execute a power of attorney to the Radford Grocery Company authorizing said company to collect the full amount of insurance due McCollum, but that, regardless of the amount collected, the appellant was to pay in cash out of said money the sum of $500 to McCollum and prorate the balance among his creditors. That, in consideration of the promises of the appellant to pay McCollum the sum of $500 cash from the proceeds of said insurance policies, McCollum, by a written instrument dated November 19, 1931, constituted and appointed said grocery company his agent and attorney in fact to collect said money from said insurance companies. That, acting under such authority, the grocery company did, in fact, collect the total sum of $6,862.82, and thereby became bound and liable to pay the said McCollum the sum of $500 in cash. That the appellee bank had knowledge of the promise of appellant to pay McCollum said $500, and, relying upon said promise, loaned and advanced to McCollum the sum of $500, and, to secure the payment of such sum, the said McCollum executed and delivered to the plaintiff an assignment of said sum of $500, which assignment provided that it was given to secure the Estelline State Bank for money advanced by said bank. That the money so advanced by the appellee bank to McCollum and secured by said assignment has never been repaid. It is further alleged that McCollum was insolvent, that the appellant grocery company had due notice of the assignment of the fund.

The appellant grocery company answered by general demurrer, several special exceptions, and a general denial.

The case was submitted to a jury upon one special issue, as follows: "Do you find from a preponderance of the evidence that the defendant, through its agent Harkrider or its attorney Lessing, or both of them, on or about Nov. 12, 1931, agreed to pay to J. L. McCollum the sum of $500.00 in cash for his personal use out of the proceeds of the insurance policies to be collected by it?" The jury answered this issue in the affirmative.

Judgment was then rendered in favor of the bank against the grocery company for $500.

■■ By the first proposition the appellant insists that, because the bank sued as assignee of McCollum, the burden was upon it to prove, not only the promise to pay made by the grocery company, but that a sufficient consideration passed from McCollum to the Radford Grocery Company to support such promise to

pay, and, because there was no proof showing a consideration for such promise, the court should have instructed a verdict.

This proposition is without merit. The appellee offered in evidence a written instrument executed by McCollum and the bank which recites in part that, for a valuable consideration to them paid, and for the further consideration of the payment to McCollum and the bank of the amount of money to be derived from the insurance policies described therein, "heretofore agreed to be paid to said Estelline State Bank for distribution among the creditors of the said McCollum, have this day and by these presents do sell, transfer, set over, assign and convey to the J. M. Radford Grocery Company * * * all our right, title and interest in and to three certain policies of insurance and any and all amounts due or to become due thereunder by reason of a loss sustained on or about the 19th day of April, A. D. 1931, said policies being described as follows * * * to have and to hold the above described policies of insurance, together with all and singular the rights thereunder and all amounts due or to become due thereunder and, we hereby make, appoint and constitute the said J. M. Radford Grocery Company our true and lawful attorney in fact to act for us and in our stead, jointly and separately in the adjustment of the loss, collection of money, the endorsement of vouchers in the name of us or either of us, which endorsement shall have all the force and effect as if done in our own proper persons and upon the collection of the amounts due thereunder to return said policies for cancellation and to do any and all things in the premises hereof which we or either of us might do and we hereby ratify and confirm any and all acts which may be done by said J. M. Radford Grocery Company as our agent in the premises."

This instrument, when construed in the light of other testimony, evidences the fact that the relation of principal and agent existed between McCollum and the bank on one hand and the Radford Grocery Company upon the other. It recites a consideration and shows a consideration. Moreover, every written instrument of that nature imports a consideration. 10 Tex. Jur. 117, 118, § 68. Since the effect of the instrument is to create the relationship of principal and agent, a consideration is not necessary.

As said in 1 Restatement of the Law of Agency, 53, § 16: "The relationship of principal and agent can be created, although neither party receives consideration." 2 C. J. 419, § 1; Id., 433, § 27; 21 R. C. L. 819, § 5; Walthour v. Pratt, 173 Ark. 617, 292 S. W. 1017.

What is here said also disposes of the second proposition.

■ By the third proposition the appellant contends that McCollum was charged with the burden of proving that the debt assigned was due him at the time of the assignment, and, the evidence having established that the money claimed to be due by McCollum to the grocery company had been credited on his debt to the company prior to the assignment, the court erred in refusing to submit to the jury such issue when his failure to do so was timely called to his attention.

This proposition is without merit. The record plainly shows, and the jury found, that the grocery company, through its agent or attorney, agreed to pay McCollum the sum of $500 in cash for his personal use out of the proceeds of the insurance policies thereafter to be collected by the grocery company. Having promised to collect the policies and pay McCollum $500 in cash for his personal use, clearly the grocery company had no right, after having collected the proceeds of the policies, to appropriate any part of the $500 to the payment of indebtedness due it from McCollum, and, if the court had submitted to the jury any such issue, it would have been immaterial. No error is shown by this proposition.

■ The fourth proposition is: "That plaintiff Estelline State Bank, having alleged in its petition that the assignment to it by McCollum of the $500.00 alleged to be due him from the Radford Grocery Company was for the purpose of securing a loan made by said Estelline State Bank to J. L. McCollum and the evidence having disclosed that the debt due by McCollum to the Estelline State Bank was evidenced by a note executed by McCollum, the Court erred in permitting the witness R. C. Wiley to testify as to the contents of such note over the timely objection of the defendant Radford Grocery Company."

A sufficient reply to this contention is that Wiley did not testify as to the contents of the note. The question and answer upon which this proposition is based is as follows:

"Q. Now then, Mr. Wiley, did you loan Mr. McCollum any money at the time he executed the assignment to you? A. Yes.

"Q. How much? A. Well, $500.00 was the amount that I was to advance him and he was attempting to get this matter adjusted and he had his insurance premiums to pay and other expenses and I took that as collateral for the money advanced."

This does not violate the best evidence rule. The objection made is as follows: "We object to the oral testimony. The note would be the best evidence as to the transaction." There was no effort to prove the details of the transaction. The only evidence desired was as to the amount of McCollum's indebtedness to the bank. Wiley, the cashier, could testify as to the amount independently of the note. Moreover, this fact was proven by other testimony admitted without objection. McCol-

lum testified that he borrowed $500 from the bank and put up an assignment of the $500 coming to him from the grocery company as security therefor. The fact was further shown by the written assignment from McCollum to the Estelline State Bank which was introduced without objection.

We find no reversible error, and the judgment is affirmed.