**DISMUKE v. REID et al.**

No. 4261.

Court of Civil Appeals of Texas.

March 29, 1945.

Lindsey & Gray, of Port Arthur, for appellant.

J. E. Wheat, of Woodville, for appellees.

MURRAY, Justice.

This is a suit in trespass to try title and for damages by Charles L. Dismuke against J. B. Reid et al., involving land in Tyler County, Texas. Dismuke in his pleadings asserted that on October 10, 1921, a deed was executed and acknowledged by him on the lands involved in the suit to

B. C. Fuller, one of the defendants; that at the time of the execution of such deed he was a person of unsound mind, that such conveyance was voidable and void and should be cancelled, annulled and removed as a cloud on his title. He further alleged that at the date of the said conveyance he had been adjudged a person of unsound mind by the county court of Tyler County, Texas, that he was thereafter confined and in restraint until April 15, 1942, at which time he was adjudged to be of sound mind and discharged from further restraint.

The defendants answered by various exceptions to the pleadings, the effect of which it is not necessary to note, by pleas of not guilty, and by special denial that Charles L. Dismuke was a person of unsound mind at the time of the execution of the deed in controversy. The case was tried to a jury and in its verdict in response to special issues submitted the jury found that Charles L. Dismuke did have sufficient mental capacity to understand the nature and consequences of his acts at the time he executed the deed in controversy; that the money of E. A. Dismuke, a brother of Charles L. Dismuke, was paid in payment of the consideration of the deeds from the Minter heirs to Charles L. Dismuke; that the land described in plaintiff's petition was purchased by B. C. Fuller under an agreement with E. A. Dismuke that the title should be taken in the name of Charles L. Dismuke. On the jury's verdict, the court rendered judgment that Charles L. Dismuke take nothing by his suit against the defendants named, and Dismuke has duly perfected his appeal to this court.

By his first point, appellant, Charles L. Dismuke, complains of the action of the trial court in refusing to admit in evidence documents offered by him as a part of the judicial record of the proceedings by which he maintained that he was adjudged to be an insane person by the county court of Tyler County, Texas. He offered in evidence the instruments which purported to be the bail bond, bill of costs, complaint, judgment and special issues and the venire in a file from the county court records of Tyler County, Texas, signed by G. C. Lowe as county judge, and dated June 8, 1921. In 1921 W. A. Johnson was the duly elected and qualified and acting county judge of Tyler County. A suit was filed in the district court by J. A. Mooney, et al. against W. A. Johnson as county judge,

for the purpose of removing him from office. The district judge entered an order suspending Judge Johnson from office and G. C. Lowe was thereafter appointed to the vacancy. Thereafter, in the case of Johnson v. Mooney et al., Tex.Civ.App., 241 S.W. 308, this court held that such orders of removal and appointment were void and the case was dismissed. Appellees contend that G. C. Lowe's act as county judge was therefore void and that the trial court's action was not error. We believe that the record shows that G. C. Lowe was the de facto county judge at that time and his acts as such were not void and therefore not subject to collateral attack. The record of the proceedings before Judge G. C. Lowe, offered in evidence by the appellant, was also attacked by the appellees on the ground that various instruments tendered showed that the insanity proceedings were brought under the provision of Chapter 163 of the Acts of the 33rd Legislature, which chapter was held unconstitutional by the Supreme Court in the case of White v. White, 108 Tex. 570, 196 S.W. 508, L.R.A.1918A, 339. Warrant of arrest in lunacy tendered in evidence commanded the sheriff to take C. L. Dismuke into custody "and thereafter have him before the commission to be hereinafter appointed." The bail bond recited that Dismuke had been adjudged a lunatic by a "Commission." The judgment in lunacy tendered, while dated June 8, 1921, was shown to be entered in the official record immediately after a judgment dated August 24, 1927, and immediately before a judgment dated September 13, 1939, indicating that the judgment entered was not actually entered at the time of its rendition, and not for several years thereafter. A great deal of testimony was introduced as to the circumstances surrounding the purported lunacy trial. We believe however that the trial judge was correct in sustaining objections to the introduction of the documents offered. The judgment tendered had not been properly entered in the minutes of the court. The statute under which the warranty in lunacy was issued was unconstitutional and void. Appellant's first point is overruled.

By his second and ninth points, appellant contends that the finding of the jury that appellant did have sufficient mental capacity at the time he executed the deed is contrary to the evidence and against the great weight and preponderance

of the evidence, and is without support in the evidence. We do not agree with these contentions. There is evidence in the record that the appellant was seen on the streets of Woodville and was not confined or under restraint at the time the deed was executed. There is testimony by a number of people who knew him that at that time he was normal. Appellant, while on the witness stand himself, testified that he remembered discussing the transaction with Mr. Fuller when he executed the deed and remembered going fishing afterwards. The jury from its verdict apparently accepted such testimony as true and we believe the evidence, without reciting it here in detail, is sufficient to support such finding.

■ In his third, fourth and fifth points, appellant complains of the action of the trial court in permitting counsel for appellees to ask various questions of the appellant on cross examination. The first question complained of was: "Did you sell the timber on the Williams survey to E. A. Dismuke." The objection that the deed would have been the best evidence of such transaction is without merit. There was no effort to prove the details of the transaction but apparently it was on cross examination a proper testing of the witness' recollection of land and timber transaction in which he had been engaged before the execution of the deed which is involved in this suit. Radford Grocery Co. v. Estelline State Bank, Tex. Civ.App., 66 S.W.2d 1110, 1111.

The next question complained of was: "You were being sued on notes on October 19, 1921?" the objection being that the file mark and the pleadings on the case would be the best evidence. This was a proper question on cross examination for the same reasons as are given on the preceding question.

■ The next question complained of was: "E. A. Dismuke had a lot of notes there. If he had collected them, it would have kept the bank from failing?" The objection was that this question called for a conclusion on the part of the witness. While it is true that any answer to this question would have called for the conclusion of the witness, the error complained of is not of sufficient importance to warrant a reversal of the case.

■ By this sixth point, appellant complains of the action of the trial court in permitting the defendant Fuller to testify over appellant's objection as to an agreement he had with E. A. Dismuke, a brother of the appellant, whereby it was agreed that E. A. Dismuke would furnish the money, Fuller would secure deeds and purchase lands involved in this suit, the title would be taken in the name of the appellant, and that after the sale of the property Fuller and E. A. Dismuke would divide the profits between them. The objection was that such testimony was without support in the pleadings and was not a transaction which was a subject to be proved by parol testimony. By his eighth point he also complains of the action of the court in permitting the same witness to answer the question, "What was the consideration for the sale of the land from you to J. B. Reid?" The objection was that the deed would be the best evidence. Fuller testified that he did have such an agreement with the brother of the appellant, that he, E. A. Dismuke, did provide the money for the transaction, that Fuller purchased the land with such money and took deeds to the appellant as the grantee, that he recorded the deeds and that they were returned to him by the county clerk. The county clerk also testified that the deeds were returned to Fuller after the recording. Under these circumstances it was not error to permit parol testimony in regard to such transactions. Mauritz et al. v. Bell, Tex.Civ.App., 81 S.W.2d 730, 731; Texas Creosoting Co. v. Hartburg Lbr. Co., Tex.Com.App., 16 S.W.2d 255; Rodriguez et al. v. Vallejo, Tex. Civ.App., 157 S.W.2d 172; Kempner v. Rosenthal, 81 Tex. 12, 16 S.W. 639. Since the witness Fuller was properly permitted to give parol testimony as to the transactions involving purchase of the land involved and circumstances under which the deed was made and received, and since there was further testimony that he had sold the land to Reid, there was no error in permitting him to testify as to the consideration for the sale of the land to Reid.

■ It appears from the testimony and the findings of the jury that Fuller had an agreement with the appellant's brother to secure deeds and purchase land in the name of the appellant with money provided by his brother, and that the deed executed by the appellant was made in keeping with this agreement. These facts are sufficient to defeat the appellant's suit in trespass to try title regardless of whether the appellant was insane at the time

he executed the deed in controversy on October 10, 1921, since the superior title to the land was never in appellant.

The judgment of the trial court is affirmed.

COE, C. J., not sitting.