IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-212-CV


AND


NO. 3-93-213-CV





JANE MATYASTIK, BOB MATYASTIK AND HARVEY VORWERK,



 APPELLANTS


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT OF MILAM COUNTY 



NOS. 7309 & 7310, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 





PER CURIAM

 These are bond-forfeiture cases. (1) Appellant Jane Matyastik failed to appear for the
trial on her appeal de novo (2) of misdemeanor charges that she violated certain traffic regulations. 
Tex. Rev. Civ. Stat. Ann. art. 6701d, § 143 (West 1977 & Supp. 1994). The trial court rendered
judgments nisi forfeiting Jane's "bail" bonds (3) on which Jane Matyastik is the principal and
appellants Bob Matyastik and Harvey Vorwerk are the sureties. On January 22, 1993, a jury trial
was held to decide whether the judgments nisi should be made final. (4) After both sides rested, the
State moved for a directed verdict. The trial court granted the motion and instructed the jury to
return a directed verdict in favor of the State. The jury returned its verdict in accordance with
the instructions of the court and the court rendered judgments in favor of the State. This appeal
followed.



DISCUSSION


 The appellants bring ten points of error. Appellants assert in their first point of
error that the trial court erred in ignoring the requirements of Texas Government Code section
26.022 regarding the appointment of a special judge. Section 26.022 provides:


 

Appointment for Particular Matters


(a) The county judge for good cause may at any time appoint a special judge with
respect to any pending civil or criminal matter.


(b) The special judge may be appointed on motion of the court or on motion of
any counsel of record in the matter. Each counsel of record is entitled to
notice and hearing on the matter.


(c) To be appointed a special judge, a person must be:


 (1) a licensed attorney; and


 (2) agreed on by the counsels of record, if the counsels of record are able to
agree.


(d) The motion for appointment and the order appointing the special judge shall
be noted on the docket. A written motion or order may be filed among the
papers of the case.


(e) The special judge has the powers of the county judge in relation to the matter
involved.



Tex. Gov't Code Ann. § 26.022 (West 1988).

 The State argues appellants have not preserved this point for review because they
did not object to the appointment in the trial court. The complaint that a special judge was not
appointed in compliance with section 26.022 may be raised for the first time on appeal. Saylors
v. State, 836 S.W.2d 769, 772 (Tex. App.--Waco 1992, pet. ref'd); see also Reed v. State, 114
S.W. 834 (Tex. Crim. App. 1908); Williams v. State, 677 S.W.2d 584, 587 (Tex. App.--Austin
1984, no pet.) (complaint that special judge lacked authority to act raised for first time on appeal
and merits addressed). But see Janecka v. State, 823 S.W.2d 232, 243-44 (Tex. Crim. App.
1990) (complaint that special master lacked authority to conduct hearing raised for first time on
motion for rehearing waived); (5) McFarland v. State, 834 S.W.2d 481, 486 (Tex. App.--Corpus
Christi 1992, no pet.) (failure to object in trial court to assignment of special judge to conduct
competency hearing waived complaint). (6) 

 The record reflects that on November 16, 1992, the Milam County county court
judge signed an order recusing himself from the cause and appointing the Milam County district
court judge as "County Judge Pro-Tem" to serve "as the County Judge" in the cause. Neither the
order nor the record reflect (1) the reason for the constitutional county court judge's recusal or
(2) that the county court judge appointed the district court judge pursuant to section 26.022. The
appellants and the State limit their arguments regarding the statutory basis for appointment to
section 26.022. Accordingly, we review the appointment as one made pursuant to that provision.

 The record does not reflect notice to each counsel of record, (7) a hearing on the
matter, that counsel of record agreed to the appointment, or that the county judge considered the
recommendations of attorneys "of the court" in making the appointment. Tex. Gov't Code Ann.
§§ 26.022, .028 (West 1988); Saylors, 836 S.W.2d at 772 (failure of record to show notice,
hearing, or that county judge considered recommendations of attorneys in his appointment of
special judge reversible error). 

 Additionally, the procedure used to appoint the district court judge does not comply
with any other applicable constitutional or statutory provision for appointment or selection of a
special judge or for exchange of benches. See Tex. Const. art. V, § 11 (providing that district
judges may hold court for each other when they deem it expedient), § 16 (when county court
judge is disqualified, parties may by consent appoint a proper person, or upon their failing to do
so a competent person may be appointed as prescribed by law); Tex. Code Crim. Proc. Ann. art.
30.03 (West 1989) (parties may agree, practicing attorneys may elect, or commissioners' court
may appoint special judge); Tex. Gov't Code Ann. § 74.054(a) (West Supp. 1994) (regular
district, constitutional county, or statutory county court judges may be assigned by presiding judge
of administrative region in which assigned judge sits); Tex. Gov't Code Ann. § 74.094 (West
Supp. 1994) (providing that district court judge may hear and determine a matter pending in any
district or statutory county court in the county); Tex. Gov't Code Ann. § 74.121 (West Supp.
1994) (providing that constitutional county, statutory county, justice, and small claims court
judges within the county may exchange benches and courtrooms with each other so that if one is
absent, disabled, or disqualified, another may hold court without necessity of transferring case).

 The State argues that the district judge acted as a de facto judge. We disagree. A
de facto judge is a judge acting under color of authority and who is regarded as exercising the
functions of the judicial office he or she assumes. Miller v. State, 866 S.W.2d 243, 246 n.6 (Tex.
Crim. App. 1993). The court of criminal appeals has treated a special judge as a de facto judge
where the record (1) showed that the judge was properly elected and (2) appeared regular, even
though facts outside the record disclosed some irregularities. White v. State, 34 S.W.2d 286, 288
(Tex. Crim. App. 1931); Whitehead v. State, 22 S.W.2d 921, 922 (Tex. Crim. App. 1930). (8) That
is not the case here.

 The record does not appear regular and does not reflect that the special judge was
properly selected. The order recites: "I, [judge's name], Milam County Judge hereby recuse
myself from the above named and numbered causes and do hereby appoint [judge's name] as
County Judge Pro-Tem to serve as County Judge in the above named and numbered causes." The
order does not recite the "good cause" for appointing the special judge; that is, the basis for the
county judge's recusal. The record does not reflect (1) notice to the parties, (2) that the court held
a hearing on the appointment or, (3) that counsel of record agreed to the appointment. Tex. Gov't
Code Ann. § 26.022 (West 1988). Additionally, the record does not show that the county judge
considered the recommendations of the attorneys of the court. Tex. Gov't Code Ann. § 26.028
(West 1988); Saylors, 836 S.W.2d at 772. Rather, the order reflects that the county judge sua
sponte recused himself and, contemporaneously, appointed the special judge. Accordingly, we
hold that the constitutional county court judge did not act with color of authority and, thus, on the
state of this record, the district court judge should not be treated as a de facto judge.

 The appointment of the special judge is not in compliance with constitutional or
statutory authority and constitutes reversible error. Miller, 866 S.W.2d at 247; Saylors, 836
S.W.2d at 772. Accordingly, we sustain appellants' first point of error.

 Because of our disposition of appellants' first point of error, we need not address
their remaining points of error. The trial court's judgments are reversed and the causes are
remanded for new trial.


Before Justices B. A. Smith, Jones and Kidd

Reversed and Remanded on Both Causes

Filed: November 2, 1994

Do Not Publish

1. [1]  The trial court consolidated for trial causes number 7309 and 7310. These two causes are
docketed on appeal as causes number 3-93-212-CV and 3-93-213-CV, respectively.
2. [2]  Jane Matyastik failed to appear in the County Court of Milam County, which is a
constitutional county court. Tex. Const. art. V, § 15. The Milam County Court has appellate
jurisdiction in criminal cases of which justice courts and other inferior courts have original
jurisdiction. Tex. Const. art. V, § 16; Tex. Gov't Code Ann. § 26.046 (West 1988); Tex. Code
Crim. Proc. Ann. § 4.08 (West 1977). At the time Jane Matyastik posted her appeal bond, the
justice court's original jurisdiction over criminal misdemeanor cases was limited to those cases
punishable only by fine not to exceed two hundred dollars. Tex. Const. art. V, § 19; Act of May
27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 331 (Tex. Code Crim. Proc. Ann.
§ 4.11, since amended). Jane Matyastik was originally charged with speeding and allowing a
child less than fifteen years old to ride without a safety restraint. Tex. Rev. Civ. Stat. Ann. §
107C(c)(2) (West Supp. 1994); Act of April 14, 1971, 62d Leg., R.S., ch.72, § 1, 1971 Tex.
Gen. Laws 708 (Tex. Rev. Civ. Stat. Ann. art. 6701d, § 166, since amended). These offenses
are misdemeanors punishable only by fine of not more than two hundred dollars. Tex. Rev. Civ.
Stat. Ann. § 143(b) (West 1977). Thus, the cases could only have been before the county court
pursuant to its appellate jurisdiction. Tex. Code Crim. Proc. Ann. art. 44.17 (West Supp. 1994)
(in all appeals to county court from justice courts and municipal courts other than municipal courts
of record, trial shall be de novo).
3. [3]  The bond recites that it is a bail bond and is subject to forfeiture if Jane Matyastik fails to
appear at the county court hearing. It appears from the record that Jane Matyastik posted the bond
for appeal de novo to the county court.
4. [4]  The proceeding for forfeiture of bail is a criminal action but after the rendition of a
judgment nisi, all proceedings, unless otherwise expressly provided, are governed by applicable
rules of civil procedure. Blue v. State, 341 S.W.2d 917, 919 (Tex. Crim. App. 1960) (on motion
for rehearing).
5. [5]  In Janecka, the appellant was convicted of murder and sentenced to death. He filed a direct
appeal to the court of criminal appeals. The court of criminal appeals remanded the cause to the
trial court so that the appellant could have the opportunity to demonstrate harm as a result of the
trial court's error in overruling a motion to quash. The trial judge appointed a special master to
preside over the hearing. The special master made findings of fact and conclusions of law that
the trial court later adopted. The State complained for the first time on motion for rehearing in
the court of criminal appeals that the special master lacked authority to preside over the hearing. 
Janecka at 243. The Janecka court relied on Texas Rule of Appellate Procedure 52(a) to hold that
the complaint was waived, because the State did not object to the judge making the appointment
at the time of the appointment or at the earliest feasible opportunity thereafter. Id. at 244. 
Janecka suggests, however, that had the State raised the complaint on submission to the court of
criminal appeals, the court might have reached the merits of the claim. Id. at 243.
6. [6]  McFarland apparently involved an appointment made pursuant to chapter seventy-four of
the Texas Government Code, as the McFarland court cited to section 74.053 as authority for the
waiver. Section 74.053(b) provides, in pertinent part, that if a party to a civil case files a timely
objection to the assignment, the judge shall not hear the case. Tex. Gov't Code Ann. § 74.053(b)
(Supp. 1994). Section 74.053(c) provides that the objection must be filed before the first hearing
or trial, including pretrial hearings. Tex. Gov't Code Ann. § 74.053(c) (Supp. 1994). These
waiver provisions, however, apply only to judges assigned under chapter seventy-four. Tex.
Gov't Code Ann. § 74.053(a) (Supp. 1994). Assignment under chapter seventy-four is by the
presiding judge of the administrative region in which the judge resides. Tex. Gov't Code Ann.
§ 74.054(a) (Supp. 1994). The record here reflects that the constitutional county court judge
appointed the district judge to sit in this cause and, thus, the appointment was not made by the
presiding judge of the administrative region. Accordingly, chapter seventy-four does not apply.
7. [7]  The order itself is not sufficient notice. See Saylors, 836 S.W.2d at 772 (letter notice issued
contemporaneously with appointment of special judge hardly satisfies statutory provision that each
counsel of record is entitled to notice and hearing on matter).
8. [8]  The State relies on two civil cases to support its argument that the district court judge was
at least a de facto judge of the county court, Dismuke v. Reid, 188 S.W.2d 255 (Tex. Civ.
App.--Beaumont 1945, no writ), and Jones v. State Bd. of Trustees of Employee Retirement Syst.
of Texas, 505 S.W.2d 361 (Tex. Civ. App.--Dallas 1974, no writ). Jones involved the question
of the de facto status of officers of a reserve police force when the city had never officially created
the reserve unit. Jones stands for the proposition that there can be no de facto officer of an office
that never officially existed. See Jones, 505 S.W.2d at 365. Jones is inapplicable here, since the
de facto status of the judge depends on whether the record regarding the judge's appointment
appears regular.


In Dismuke, a district judge rendered an order suspending a county judge from office and
appointed another to sit as county judge. The orders of removal and appointment were later held
void. Appellees challenged the validity of the acts of the county judge appointed pursuant to the
void orders and the Beaumont Court of Appeals concluded that the record was sufficient to show
the judge should be treated as a de facto judge. Dismuke, 188 S.W.2d at 256. Dismuke is
applicable to the extent that it stands for the proposition that we determine whether the district
judge acted as the de facto county court judge by reference to the record.