### DOCK REED v. THE STATE.

No. 4000.  Decided December 10, 1908.

**Theft—Special Judge—Practice on Appeal.**

Where upon appeal from a conviction of theft the record failed to disclose the disqualification of the regular judge, and by what authority the special judge was selected or designated, or that he had taken the oath of office, etc., the judgment must be reversed and the cause remanded. Ramsey, Judge, dissenting.

Appeal from the District Court of Rusk. Tried before the Hon. R. T. Brown, special judge.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a case of theft. The caption recites that Hon. R. T. Brown, special judge, presided at this trial. The record fails to disclose the disqualification of Hon. W. C. Buford, the regular judge, nor is it anywhere in the transcript shown by what authority a special judge was elected or agreed upon, or in any manner legally designated to try this case. Under article 609 Code Criminal Procedure and those preceding it, it is necessary that the record show, if a special judge sits, the authority for such selection and how selected and the fact that the proper oath was administered to him as such special judge. Article 609 Code Criminal Procedure requires that the record shall show these matters. If Honorable R. T. Brown was agreed upon or legally designated to sit as special judge, the record fails to show it or that he took the oath of office, or that any of these matters appear of record in the trial court. Under the authorities in the State, this judgment for this reason must be reversed. See White's Annotated Code of Criminal Procedure, section 657, for collation of authorities. As the record is presented on this question, we deem it unnecessary to investigate or revise the questions presented for adjudication.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

RAMSEY, JUDGE.—The decision is in line with the former holding of this court, but is, in my judgment, so unsound that I can not consent to it. I think the decisions of our Supreme Court to the effect, in substance, that where no question was made in the court below concerning the due appointment and qualification of the special judge, that it would be presumed on appeal that these matters were legal or correct. I think the statutes above quoted are merely directory. The Constitution in terms authorizes parties litigant to agree on a special judge. Wherever in any case on trial before a special judge the parties proceed without protest or objection and for the first time challenge the regularity of the appointment on appeal, it ought to be presumed, in aid of the jurisdiction of the court, that the appointment or selection was regular and that such judge had regularly taken the precedent steps necessary and provided by law for his proper qualification.