## VIRGIL BAKER V. STATE.

No. 26,465.    May 27, 1913.
**State's Motion for Rehearing Granted June 24, 1953.**
Appellant's Motion for Rehearing Denied October 14, 1953.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion) November 11, 1953.

*W. E. Barron,* Navasota, and *Joe J. Newman,* Groveton, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for violating the drunk driving statute. Art. 802, Vernon's P. C.

The record affirmatively reflects that the regular judge of county court of Grimes County, in which court this case was filed and pending, recused himself from sitting as judge therein and that the parties agreed that Judge A. S. Ware, County Judge of Brazos County, might sit as special judge in the trial of the case.

Judge Ware did try the case, overruled the motion for new trial, and rendered the judgment herein.

One of the grounds asserted in the motion for new trial was that the special judge had not taken the prescribed oath of office and same was not of record in the court.

This allegation does not appear to be disputed. The record before us contains no such oath of office.

There is no question but that where a case is tried by a special judge the record must affirmatively reflect that such judge took the oath of office, as prescribed by the Constitution. This is true when the parties agree as to who shall act as special judge. Arts. 555 and 556, Vernon's C. C. P. Woodland v. State, 148 Tex. Cr. R. 47, 184 S. W. 2d 623; Davis v. State, 157 Tex. Cr. Rep. 146, 247 S. W. 2d 392; Blackburn v. State, 149 Tex. Cr. R. 197, 192 S. W. 2d 888.

While it is true that under the Constitution (Art. 5, Sec. 11) and the statute (Art. 200a, Vernon's A. C. S.), district judges may exchange benches and hold court for each other, no such authority exists authorizing county judges to do so. Moreover, when a district judge exchanges bench or holds court for

another district judge, he does so not as a special judge but as a district judge sitting for another.

Here, Judge Ware did not purport to act or sit as judge of the county court of Brazos County, but, rather, as a special judge. A special judge has no authority to act until he has taken the oath of office. Until he has taken such oath, his acts are a nullity.

Because of the failure of the special judge to take and to subscribe the oath of office, this judgment must be and is reversed and the cause remanded.

Opinion approved by the court.

### ON STATE'S MOTION FOR REHEARING.

WOODLEY, Judge.

The state has filed a motion for rehearing and the record has been corrected by supplemental transcript setting out the minutes of the court showing that the special judge took the oath required by law. The judgment recites that such oath was taken before the case proceeded to trial.

No statement of facts is found in the record and as corrected the proceedings appear to be regular.

The state's motion for rehearing is granted, the order of reversal is set aside, and the judgment is now affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant's motion for rehearing is based upon the contention that the record does not affirmatively reflect that the oath of office of the special judge trying this case was entered in the minutes of the court during or at the term of court at which this conviction was had and over which the special judge presided.

The supplemental transcript upon which we relied in granting the state's motion for rehearing shows that the special judge took the prescribed oath of office, and that the same had been entered in the minutes of the county court. However, there is

an entire absence of any certificate or showing of the exact time the oath of office was so entered. There is also an entire absence of any proof, certificate, or suggestion that the oath was entered in the minutes of the court during and at the term at which this case was tried or the special judge acted.

If the photostatic copies of several pages of the county court minutes, which appellant presents in connection with his motion for rehearing, are to be relied upon as showing the date of the entry of the oath of office in the minutes of the court, the entry was made subsequent to May 12, 1953, and before May 22, 1953, which was long after the record in this case had been filed in this court on April 27, 1953.

The term of court at which this conviction was had adjourned on March 16, 1953. If the oath of office was, in fact, entered in the minutes of the court during May, 1953, such entry was long after the adjournment of the term of court.

Appellant contends that it is immaterial whether the entry in the minutes was or was not made in May, 1953, but that it was material that the oath be entered in the minutes during and while the term of court was in session and before that term of court had ended by adjournment.

In that connection, it is also contended that the burden is upon the state to show not only that the special judge took the oath as prescribed by the Constitution, but also that such oath was duly entered and carried into the minutes of the court over and during which the special judge presided.

There is an absence of any affirmative showing, here, that the oath was entered into the minutes of the court before the adjournment of that term.

Hence, the question for our determination is whether the law requires that the oath of office of a special judge be recorded in the minutes of and during the term of court at which the special judge acted and the conviction was had.

Art. 556, C. C. P., requires that "the clerk shall enter in the minutes as a part of the proceedings in such cause, a record showing: . . . "That the oath of office prescribed by law has been duly administered to such special judge."

The conclusion is reached that the construction to be given

said statute is that it requires that the oath of office be recorded in the minutes of the court, in order that there might exist permanent evidence not only that the special judge took the oath of office but also permanent evidence of the oath that was actually taken.

In the absence of any suggestion of injury, or of an opportunity on the part of the accused to attack the form of the oath of office if he so desired, we are unable to conclude that the time of entry of the oath of office in the minutes was a requirement of the statute.

The power of the special judge over the case does not necessarily cease with the adjournment of the term. He may, at a subsequent term, enter nunc pro tunc the judgment in the case. Pennington v. State, 13 Tex. App. 44. Moreover, a special judge has all the power that the regular judge could have or could exercise. Sec. 23, Art. 2092, V. R. C. S.

Here, the special judge was not without authority, therefore, to order the oath of office recorded after the adjournment of the term of court at which the case was tried.

Believing that a correct conclusion was reached in affirming the judgment below, the motion for rehearing by appellant is overruled.

Opinion approved by the court.