## EARNEST McLEMORE V. THE STATE.

No. 11030.   Delivered June 15, 1927.

**Leaving Gate Open—Special Judge—How Selected and Qualified.**

Where a case is tried before a special judge, the record on appeal must show that he was legally appointed or selected, and the manner of same, that he took the oath of office prescribed by Art. 555, Vernon's C. C. P.; also the manner of his qualification.   See Summerlin v. State, 69 Tex. Crim. Rep. 275; Weatherford v. State, 28 S. W. 814, and Smith v. State, 24 Tex. Crim. App. 290.

Appeal from the County Court of Sabine County.   Tried below before the Hon. J. H. Minton, Special Judge.

Appeal from a conviction for leaving open a gate in a fence, penalty a fine of $10.

The opinion states the case.

*E. P. Padgett,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for leaving open a gate in a fence, punishment a fine of $10.00.

The case was tried by a special judge.   It is required that one acting as such special judge take the oath made necessary by Art. 555, Vernon's C. C. P.   See Summerlin v. State, 69 Tex. Crim. Rep. 275; Weatherford v. State, 28 S. W. 814.   It must be shown from the record that the special judge was legally appointed or selected, and the manner of same and his qualification must appear in the record.   Smith v. State, 24 Tex. Crim. App. 290.   For the lack of such showing the judgment must be reversed and the cause remanded.

*Reversed and remanded.*