R. E. WOODLAND V. THE STATE.

No. 23024. Delivered January 10, 1945.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, and *Alex P. Pope,* of Tyler, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged with a violation of the liquor laws and assessed a fine of One Thousand Dollars with six months imprisonment in the county jail.

The record reflects that this cause was tried before the Honorable Ed Yarbrough, as special judge. We do not find, from the minutes, any record showing the disqualification of the County Judge, the appointment, or selection, of Ed Yarbrough as special judge, nor do we find a statement that he took the constitutional oath. The selection of a special judge is controlled by statute, the terms of which should be complied with. See Articles 554, 555 and 556 of Vernon's Ann. C. C. P. and the annotations thereunder.

By Article 556 C. C. P. it is provided that where a special judge is agreed upon by the parties, or appointed by the Governor, the clerk shall enter in the minutes as a part of the proceedings in such cause, a record showing three things: First, that the judge was disqualified, second, the manner of selection of the special judge, and third, that he took the oath of office. The question has been frequently before this court and without exception the holding has been that the articles of the statute above referred to must be complied with.

In Smith v. State, 6 S. W. 40, it was held that the record on

appeal "must show the reasons for the selection of, and the manner in which he became, special judge," A number of authorities were cited and relied upon. It was observed in that case that a docket entry and the minutes showed the date and the name of the special judge selected by agreement of the parties but showed no reason for the appointment or that the regular judge was disqualified. It was also pointed out as error that the minutes did not show that the special judge took the oath "except inferentially."

In Weatherford v. State, 28 S. W. 814, the authorities were reviewed and it was specifically held that the three special provisions must be complied with and shown by entry on the minutes as a part of the record of the cause.

In Reed v. State, 114 S. W. 834, it was said "the record fails to disclose the disqualification of the regular judge; the authority by which a special judge was elected or agreed upon," and for such reasons the case was reversed. In a dissenting opinion Judge Ramsey admitted that the opinion was in accord with previous holdings of the court which he thought to be unsound and advanced the view that the statute was only directory. Since that time we find no reference to or concurrence in the dissenting opinion and we take it that the decisions are consistently in accord with the majority holding in the Reed case.

In Salazar v. State, 276 S. W. 1105, Judge Morrow held that the fact of the taking of the oath and the manner of his selection must be entered on the minutes as a part of the record in the case.

Dawes v. State, 222 S. W. 560, was reversed because the record failed to show the manner of selection of a special judge, and that he took the oath.

In Norman v. State, 277 S. W. 126, it was stated that the minutes of the court must disclose the reason for and the manner of election of a special judge and when it failed to do so there was not a substantial compliance with the statute. It further held it to be "imperative" that the records show he was qualified by taking the oath of office.

Harris v. State, 288 S. W. 450, reasserted previous holdings that he must take the oath of office and that this fact, together with the manner of his selection, should be entered upon the minutes of the court as a part of the record in the case.

In McLemore v. State, 296 S. W. 552, the court said it must be shown from the records that a special judge was legally appointed or selected "and the manner of same and his qualification must appear in the record."

In Sewell v. State, 291 S. W. 549, Judge Hawkins wrote the opinion of the court following Norman v. State, supra, and observed that the records failed to show why or how a special judge was selected, or that proper oath was administered. The case was reversed.

Petitte v. State, 21 S. W. (2d) 522 is the most recent expression of the court on this subject which attracts our attention as applicable to the present case. The authorities are collated and positively followed, with the statement that the statute requires that before a special judge shall enter upon his duties he shall take the oath of office required by the Constitution, and his selection and the fact that the oath has been administered shall be entered on the minutes of the court as a part of the record in the case.

The State has filed a supplemental transcript in which we find a copy of the oath of office administered to Ed Yarbrough, as special judge, on the eighteenth day of April, 1944, but it is not shown that the fact of this oath was entered on the minutes, nor is there any effort to comply with the other requirements of Article 556 of the C. C. P. The filing of the oath among the papers is not a substantial compliance with the statute, especially in the absence of a showing that the regular judge was disqualified and the manner of selection of the special judge. All of these facts should appear on the minutes and come forward in the transcript with the appeal.

The judgment of the trial court is reversed and the cause remanded.