Michael David WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–83–218–CR.

Court of Appeals of Texas, Austin.

June 20, 1984.

Rehearing Denied Sept. 19, 1984.

2. We note that *plaintiff still may file suit in* Mississippi to obtain partition of military retirement benefits.

Peter Kyle, Jr., San Antonio, for appellant.

Jeffrey L. Van Horn, Criminal Dist. Atty., Todd A. Blomerth, Asst. Criminal Dist. Atty., Lockhart, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

POWERS, Justice.

Over a plea of not guilty, the jury found appellant Michael David Williams guilty of the offense of resisting arrest. Tex.Pen. Code Ann. § 38.03 (1974). The jury assessed punishment at 21 days in the county jail, coupled with a fine of $2,000.00. The special judge who tried the case sentenced appellant accordingly. We will reverse the judgment below and remand the cause.

Appellant's first two grounds of error complain that the record on appeal does not affirmatively show the authority for selecting a special judge to hear the case, the manner of his selection, or that he was administered the proper oath. Under Tex. Code Cr.P.Ann. art. 30.05 (1966), these matters are required to be shown in the minutes of the county court when a special judge is chosen to hear a case by any one of the three modes specified in Tex.Code Cr.P.Ann. art. 30.03 (Pamph.Supp.1984).[1]

---

1. In 1975, the Legislature amended arts. 30.03, 30.04, and 30.05 of the Code of Criminal Procedure to read as follows:

Art. 30.03.

Section 1. When the judge of the county court or county court at law, or of any county criminal court, is disqualified in any criminal case pending in the court of which he is judge, the parties may by consent agree upon a special judge to try such case. If they fail to agree upon a special judge to try such case, on or before the third day of the term at which such case may be called for trial, the practicing attorneys of the court present may elect from among their number a special judge who shall try the case. The election of the special judge shall be conducted in accordance with the provisions of Article 1887, et seq., V.A.C.S.

Sec. 2. In the event a county judge or the regular judge of a county court at law created in a county is absent, or is for any cause disabled from presiding, a special judge, who is an attorney, may be appointed by the commissioners court of the county.

The State replies with a contention that art. 30.05 does not apply to a regular county judge's appointment of a special judge under authority of Tex.Rev.Civ.Stat.Ann. art. 1933a [2] following a motion and hearing wherein the regular judge finds that "good cause" exists for his appointment of a special judge. Further, where the record is silent as to the circumstances of a special judge's selection, "a presumption is indulged on appeal that no transgression of express statutory authority occurred in the conduct of the trial." *Matthews v. State,* 471 S.W.2d 834 (Tex.Cr.App.1971). The State asks that we presume on appeal that the special judge who heard the case was appointed by the regular judge on authority of art. 1933a.

We reject the interpretation of art. 1933a advanced by the State. The face of that statute indicates that it was designed to operate in conjunction with art. 30.03 of the Code of Criminal Procedure, and in cases where the regular judge is disqualified, disabled, or absent, if that be the "good cause" justifying an appointment of a special judge by the regular judge, then art. 30.05 is applicable to the case. So much is obvious from the limits placed upon the "discretion" of the regular judge

Sec. 3. The special judge so appointed must possess those qualifications required of the regular judge of the court and, when appointed shall serve for the period of time designated by the order of appointment but in no event beyond that period of time the regular judge is absent or disabled.

\* \* \* \* \* . \*

Art. 30.04.
The attorney agreed upon, elected, or appointed shall, before he enters upon his duties as special judge, take the oath of office required by the Constitution.

\* \* \* \* \* \*

Art. 30.05.
When a special judge is agreed upon by the parties, elected, or appointed as herein provided, the clerk shall enter in the minutes as a part of the proceedings in such cause a record showing:
1. That the judge of the court was disqualified, absent, or disabled to try the cause;
2. That such special judge (naming him) was by consent of the parties agreed upon, or elected or appointed;
3. That the oath of office prescribed by law was duly administered to such special judge.
1975 Tex.Gen.Laws, ch. 448, §§ 1–3 at 1191.

**2.** Approved the same day, and passed by the Senate and the House in the same month, Tex. Rev.Civ.Stat.Ann. art. 1933a was enacted as follows:

Section 1. The provisions of this Article apply only to counties in which there is no statutory county court at law or statutory probate court, and in which all duties of the county court devolve upon the county judge. The provisions hereof are cumulative of all other provisions of law for appointment or election of special county judges, and existing provisions are repealed hereby only to the extent of *any conflict.*
Sec. 2. The county judge may at any time appoint a special county judge, with respect to any pending matter, whether of civil or criminal nature, in accordance with the provisions following:
(a) Such action may be taken on the motion of any counsel of record in such pending matter, or on the court's own motion.
(b) All counsel of record are entitled to notice and hearing on such motion.
(c) If the county judge finds that good cause exists therefor, he shall appoint a special county judge, at his discretion, except: (1) the person so appointed must be a duly licensed attorney at law; (2) the person so appointed must be the person agreed upon by all counsel of record in the pending matter, if they are able to so agree; and (3) due consideration shall be given by the court to such recommendations as may be made by the attorneys of such court for the further implementation of this Act and the accomplishment of the purposes hereof.
(d) The *motion for,* and order appointing, the special county judge, shall be noted in the docket, and may be reduced to writing and filed among the papers in the pending cause.
(e) Thereafter, the special county judge, while setting in the matter in which he is so appointed, shall have and exercise all powers of a county judge in relation to the matter involved....
Sec. 3. The purpose of this Act is to improve the administration of justice in county courts, in view of the problems inherent in the crowded condition of the dockets of constitutional county courts, in the numerous and diverse nature of other nonjudicial duties devolving upon county judges, and in the fact county judges are not required to be licensed attorneys although confronted by questions of increasing legal complexity.
1975 Tex.Gen.Laws, ch. 475, §§ 1–3, at 1251. The statute was amended in 1981 in several respects not material here because appellant was tried before the effective date of those amendments.

in choosing whom he will appoint as a special judge. Section 2(c) of art. 1933a limits the choice of a special judge to "the person agreed upon by all counsel of record in the pending matter" and where they do not agree the regular judge is required to give "due consideration" to any recommendation "as may be made by the attorneys of such court." These are obvious references to the alternative modes of selecting a special judge as they are set forth in art. 30.03 of the Code of Criminal Procedure, to which art. 30.05 unquestionably applies. Moreover, § 1 of art. 1933a indicates the same interpretation when it states that the article is "cumulative" of other statutory provisions "and existing provisions are repealed hereby only to the extent of any conflict." We should not strive to find a conflict. In general, art. 1933a appears to be a time-saving authorization for the regular judge to make an appointment of a special judge himself, without the necessity of action by the commissioners court when the regular judge is absent or disabled, or when the regular judge agrees that he is disqualified. It has additional purposes, to be sure, as indicated by the statement of purpose found in section 3 of art. 1933a, but the purpose of art. 30.05, that is, to create and maintain permanent evidence of the reason for the appointment of a special judge, his manner of selection, and that he took the proper oath, exists separate and apart from those other purposes of art. 1933a. We find no suggestion that the Legislature, in its enactment of art. 1933a, intended to dispense with the purpose of art. 30.03 in instances where the regular judge is disqualified, absent, or disabled.

■ It is long established that the requirements of art. 30.05 are not merely directory; and, a failure of the appellate record affirmatively to show that the matters required by art. 30.05 were entered in the minutes of the county court is reversible error. *Baker v. State*, 261 S.W.2d 593 (Tex.Cr.App.1953); *Woodland v. State*, 148 Tex.Cr.R. 47, 184 S.W.2d 623 (1945). In the present case, nothing in the appellate record shows that the minutes contain the matters required by art. 30.05. However,

there is filed among the papers in the cause a copy of the oath taken by the special judge. Where the oath is not entered in the minutes themselves, there is not substantial compliance with art. 30.03. *Woodland v. State, supra,* 184 S.W.2d at 625. We hold that the omission in the appellate record is reversible error.

■ The State suggests that we must presume the regularity of the appointment of the special judge, especially where, as here, appellant did not make a complaint in that regard in the trial court and does so for the first time on appeal. The State's position is identical with the dissent in *Reed v. State*, 55 Tex.Cr.R. 137, 114 S.W. 834 (1908):

The decision [of the majority] is in line with the former holding of this court, but is in my judgment so unsound that I cannot consent to it. I think the decisions of our Supreme Court to the effect, in substance, that where no question was made in the court below concerning the due appointment and qualification of the special judge that it would be presumed on appeal that these matters were legal or correct. I think the statutes above quoted are merely directory. The Constitution in terms authorizes parties litigant to agree on a special judge. Wherever in any case on trial before a special judge the parties proceed without protest or objection and for the first time challenge the regularity of the appointment on appeal, it ought to be presumed, in aid of the jurisdiction of the court, that the appointment or selection was regular, and that such judge had regularly taken the precedent steps necessary and provided by law for his proper qualification.

There is undoubted logic and other merit in the foregoing, but it is not for this Court to adopt a principle routinely rejected by the Court of Criminal Appeals. See the discussion in *Woodland v. State, supra.* Moreover, we believe that we may not presume that the special judge was appointed by the regular judge for some reason apart from the disqualification, disability, or absence

588

of the regular judge—the press of the docket or administrative duties of the regular judge, for example. It is equally true, of course, that the special judge might have been appointed because the regular judge was disqualified, disabled or absent—the reasons specified in art. 30.03 of the Code of Criminal Procedure, to which art. 30.05 would apply. To adopt a presumption on appeal that the special judge was appointed for reasons apart from the grounds stated in art. 30.03 would quickly destroy the effectiveness of art. 30.05 and the purpose it was designed to serve, a purpose the Court of Criminal Appeals has shown a consistent intention to preserve.

If, on the other hand, the minutes in the present case *do* reflect compliance with art. 30.05 of the Code of Criminal Procedure, the State may easily bring the minutes forward on motion for rehearing. *Petitte v. State*, 21 S.W.2d 522 (Tex.Cr. App.1929). We see no reason why the State may not show as well, on motion for rehearing, that the special judge was appointed on some ground other than those specified in art. 30.03, if that be the case, thereby dispensing with the affirmative showing required by art. 30.05.

The judgment of the trial court is reversed and the cause remanded for a new trial.