Peggy SAYLORS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–91–094–CR.

Court of Appeals of Texas,
Waco.

Aug. 12, 1992.

Opinion on Denial of Rehearing
Sept. 9, 1992.

Frank B. McGregor, McGregor & McGregor, Hillsboro, for appellant.

Patrick S. Dohoney, County Atty., Hillsboro, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Peggy Saylors appeals her conviction for the misdemeanor offense of telephone harassment. *See* TEX.PENAL CODE ANN. § 42.07 (Vernon 1989). Saylors was found guilty by a jury and a special judge assessed punishment at sixty days in the Hill County Jail and a $1000 fine, probated for twelve months.

In point one, Saylors contends that the judgment is void because the special judge had no jurisdiction to preside. The rule is that a judgment rendered by a special judge who had not been appointed or selected in accordance with the constitu-

tional and statutory requirements governing such matters is an absolute nullity. *See Clements v. Fort Worth & D.S.P. Ry. Co.*, 7 S.W.2d 895, 898 (Tex.Civ.App.— Amarillo 1928, no writ).

Article 5, section 16, of the Texas Constitution provides, in part:

> When the judge of the County Court is disqualified in any case pending in the County Court the parties interested *may*, by consent, appoint a proper person to try said case, or *upon their failing to do so* a competent person may be appointed to try the same in the county where it is pending *in such manner as may be prescribed by law.*

TEX. CONST. art. V, § 16 (emphasis added).

Article 30.03, section 1, of the Texas Code of Criminal Procedure authorizes the appointment of a special judge when the regular county judge is disqualified:

> When the judge of the county court or county court at law, or of any county criminal court, is disqualified in any criminal case pending in the court of which he is judge, the parties *may* by consent agree upon a special judge to try such case. *If they fail to agree* upon a special judge to try such case, on or before the third day of the term at which such case may be called for trial, the practicing attorneys of the court present *may* elect from among their number a special judge who shall try the case. The election of the special judge shall be conducted in accordance with the provisions of Article 1887, et seq., V.A.C.S. [current version at TEX.GOV'T CODE ANN. § 24.005 (Vernon 1988)].

TEX.CODE.CRIM.PROC.ANN. art. 30.03, § 1 (Vernon 1989) (emphasis added). Thus, article 30.03, section 1, establishes the "manner as may be prescribed by law" contemplated by article 5, section 16, of the Texas Constitution. When the regular county judge is disqualified and the parties are unable to agree on "a proper person," a special judge may be elected by the practicing attorneys of the court.

■ Under article 30.03, section 2, a special judge may also be appointed when the regular judge is absent or disabled:

In the event a county judge or the regular judge of a county court at law created in a county is absent, or is for any cause disabled from presiding, a special judge, who is an attorney, *may* be appointed by the commissioners court of the county.

*Id.* § 2. This provision for appointment of a special judge, when the regular county judge is absent or disabled, does not require an effort by the parties to agree on "a proper person." Regardless of whether a special judge is agreed upon by the parties, elected, or appointed by the commissioners court, however, the record must show the authority for the special judge's selection. *Reed v. State*, 55 Tex.Crim. 137, 114 S.W. 834 (1908). According to article 30.05 of the Code of Criminal Procedure:

When a special judge is agreed upon by the parties, elected, or appointed *as herein provided*, the clerk shall enter in the minutes as a part of the proceedings in such cause a record showing:

1. That the judge of the court was disqualified, absent, or disabled to try the cause;

2. That such special judge (naming him) was by consent of the parties agreed upon, or elected or appointed;

3. That the oath of office prescribed by law was duly administered to such special judge.

Tex.Code Crim.Proc.Ann. art. 30.05.

■ It has long been established that, when a special judge is selected under the provisions of article 30.03, a failure of the record to affirmatively show that the matters required by article 30.05 were entered in the minutes of the county court is reversible error. *See, e.g., Baker v. State*, 159 Tex.Crim. 130, 261 S.W.2d 593, 594 (1953); *Woodland v. State*, 148 Tex.Crim. 47, 184 S.W.2d 623, 624 (1945). In the present case, however, the special judge was not agreed upon by the parties, elected

by the bar, or appointed by the commissioners court as provided in article 30.03. Therefore, article 30.05, by its own terms, does not apply.[1] Indeed, the docket sheet reflects that Charles R. Herd, the county judge, appointed a special judge on February 27, 1991, with the following notation:

WILLIAM T. COLEMAN, JR. APPOINTED SPECIAL JUDGE ON MOTION OF THE COURT AS PER ARTICLE 26.022 GOVERNMENT CODE. C.H.

■ Section 26.022 of the Texas Government Code authorizes the county judge, in counties where there is no county court at law, to appoint a special judge:

(a) The county judge for good cause *may* at any time appoint a special judge with respect to any pending civil or criminal matter.

(b) The special judge may be appointed on motion of the court or on motion of any counsel of record in the matter. Each counsel of record *is entitled* to notice and hearing on the matter.

(c) To be appointed a special judge, a person must be:

(1) a licensed attorney; and

(2) agreed on by the counsels of record, if the counsels are able to agree.

(d) The motion for appointment and the order appointing the special judge *shall* be noted on the docket. A written motion or order *may* be filed among the papers of the case.

(e) The special judge has the powers of the county judge in relation to the matter involved.

Tex.Gov't Code Ann. § 26.022 (Vernon 1988) (emphasis added). According to section 26.028, "The county judge *shall* consider the recommendations of attorneys of the court as to the implementation of this subchapter and the accomplishment of its purposes." *Id.* § 26.028 (emphasis added). When the regular judge is disqualified, article 5, section 16, of the Texas Constitution

---

1. *Contra Williams v. State,* 677 S.W.2d 584, 588 (Tex.App.—Austin 1984, no pet.) (holding that the requirements of article 30.05 of the Code of

Criminal Procedure apply to the appointment of a special judge under section 26.022 of the Government Code).

requires that the parties fail to agree on "a proper person" before a special judge may be appointed "in such manner as may be prescribed by law." However, sections 26.-022 and 26.028 of the Government Code extend the constitutional prerequisite to all appointments of a special judge by the county judge for any "good cause."

Just as when a special judge is selected under the authority of article 30.03, we must determine whether Coleman was selected in accordance with the constitutional and statutory requirements governing the appointment of a special judge by the county judge. Sections 26.022 and 26.028 contain several mandatory provisions. Although the motion for appointment and the order appointing the special judge were noted on the docket, the record does not reflect that each counsel of record was given notice and accorded a hearing on the matter, or that the county judge considered the recommendations of the attorneys in its appointment of the special judge. We hold that the omission in the appellate record is reversible error. *See Reed,* 114 S.W. at 834.

■ The State argues that, because Saylors did not timely object to the appointment of the special judge in the trial court, we must presume the regularity of the appointment of a special judge under the authority of section 26.022.[2] The State's argument is identical to the dissent in *Reed:*

> Whenever in any case on trial before a special judge the parties proceed without protest or objection and for the first time challenge the regularity of the appointment on appeal, it ought to be presumed, in aid of the jurisdiction of the court, that the appointment or selection was regular, and that such judge had regularly taken the precedent steps necessary and provided by law for his proper qualification.

*Id.* (Ramsey, J., dissenting). As in *Reed,* the judgment in this case must be reversed because the record fails to reflect the juris-

diction of the special judge to enter the judgment. Accordingly, we sustain point of error one. *See Reed,* 114 S.W. at 834.

The state may, on motion for rehearing, bring the minutes forward or otherwise demonstrate that the special judge was appointed in compliance with the mandatory provisions of sections 26.022 and 26.028. *See Baker,* 261 S.W.2d at 594–95. We do not reach Saylors' remaining points of error.

We reverse the judgment of the trial court and remand the cause for a new trial.

## ON MOTION FOR REHEARING

■ On motion for rehearing, the State contends that the special judge was appointed in compliance with section 26.022 of the Government Code. In support of its contention, the State has filed a motion to supplement the record with the affidavit of Charles R. Herd, the former Hill County Judge. First, we note that according to the affidavit Judge Herd was not disqualified to try this cause. Thus, article 5, section 16, of the Texas Constitution does not apply. Nevertheless, as we noted on original submission, sections 26.022 and 26.028 of the Government Code contain several mandatory provisions independent of the constitutional prerequisite to the appointment of a special judge when the county judge is disqualified. Specifically, the record does not reflect that each counsel of record was given notice and accorded a hearing on the matter, or that the county judge considered the recommendations of the attorneys in his appointment of the special judge.

■ The State argues that a letter, dated February 27, 1991, gave Saylors notice of the appointment of a special judge. A notice issued contemporaneously with the appointment of a special judge hardly satisfies the statutory provision that "[e]ach counsel of record is entitled to notice and hearing on the matter." *See* TEX.GOV'T

---

**2.** In support of this proposition, the state cites the court to *Miller v. State,* No. 10–89–184–CR (Tex.App.—Waco Dec. 27, 1990, pet. granted) (not designated for publication). However, counsel for the state is reminded of the admoni-

tion of Rule 90(i) of the Texas Rules of Appellate Procedure: "Unpublished opinions shall not be cited as authority by counsel or by a court." *See* TEX.R.APP.P. 90(i).

CODE ANN. § 26.022(b) (Vernon 1988). Although the statute does not expressly require that the notice be given before the appointment of the special judge, the clear intent of the statute is for the attorneys to have an opportunity to agree on a special judge before one is appointed by the county judge. *See id.* § 26.022(c)(2).

■ The State also contends that the county judge properly excercised his discretion to appoint the special judge. Section 26.028 of the Government Code provides, "The county judge *shall* consider the recommendations of attorneys of the court as to the implementation of this subchapter and the accomplishment of its purposes." *Id.* § 26.028 (emphasis added). Notwithstanding the mandatory language of the statute, the State suggests that the county judge's discretion to appoint a special judge is no longer limited by the statutory requirement that the county judge give due consideration to the recommendations of attorneys. The former article 1933a, section 2(c), of the Revised Civil Statutes provided:

> If the county judge finds that good cause exists therefor, he shall appoint a special county judge, at his discretion, except: (1) the person so appointed must be a duly licensed attorney at law; (2) the person so appointed must be the person agreed upon by all counsel of record in the pending matter, if they are able to so agree; and (3) due consideration shall be given by the court to such recommendations as may be made by the attorneys of such court for the further implementation of this Act and the accomplishment of the purposes hereof.[1]

The State argues that the replacement of the phrase "due consideration," in article 1933a, with the word "consider," in section 26.028, indicates that the legislature intended to give the county judge greater discretion in the appointment of a special judge. The State's argument, however, is misguided. The act adopting Title 2 of the Government Code, which codified the former article 1933a of the Revised Civil Statutes, provided:

> **Section 27. LEGISLATIVE INTENT.** This Act is enacted pursuant to Article III, Section 43, of the Texas Constitution. This Act is intended as a recodification only, and no substantive change in the law is intended by this Act.[2]

We hold that the legislature intended to retain the same limitations on the discretion of the county judge in the appointment of a special judge as were included in the former article 1933a.

Because the record does not reflect that the special judge was appointed in compliance with the mandatory provisions of sections 26.022 and 26.028 of the Government Code, we deny the State's motion for rehearing.

---

1. *See* Act of May 22, 1975, 64th Leg., R.S., ch. 475, § 2, 1975 Tex.Gen.Laws 1251, 1252, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26, 1985 Tex.Gen.Laws 1720, 2048.

2. Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 27, 1985 Tex.Gen.Laws 1720, 2049.