**Alvin R. MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 350–91.

Court of Criminal Appeals of Texas, En Banc.

Dec. 1, 1993.

**244**

Frank B. McGregor and J. Dwight Carmichael, Hillsboro, for appellant.

Patrick S. Dohoney, County Atty., Hillsboro, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

A jury convicted appellant of the misdemeanor offense of driving while intoxicated (DWI) and assessed punishment at thirty days confinement in the county jail, probated for twenty-four months, and a $2,000 fine, probated to $1,000. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(b) & (c)(1) & (2). The suspension of appellant's driver's license was also probated. The Tenth Court of Appeals affirmed in an unpublished opinion. *Miller v. State,* No. 10–89–184–CR (Tex.App.— Waco Dec. 27, 1990). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in overruling appellant's challenge to the appointment of a special judge. *See* TEX.R.APP. P. 200(c)(1) & (2). We will reverse the judgment of the Court of Appeals.

On December 19, 1987, appellant was arrested for DWI. On the criminal docket sheet, a notation dated April 14, 1989 states: "Allen Place appointed special judge on motion of the court as per article [sic] 26.022 government code." [1] On April 14, 1989, a docket notice was sent to both parties, stating that a jury trial was set for May 15, 1989, that all pre-trial motions would be heard on that day, and that Allen Place was appointed the special judge to hear the case. On May 15, 1989, appellant filed a "motion to chal-

---

1. Section 26.022 of the Texas Government Code provides:

   (a) The county judge for good cause may at any time appoint a special judge with respect to any pending civil or criminal matter.

   (b) The special judge may be appointed on motion of the court or on motion of any counsel of record in the matter. Each counsel of record is entitled to notice and hearing on the matter.

   (c) To be appointed a special judge, a person must be:

   (1) a licensed attorney; and

   (2) agreed on by the counsels of record, if the counsels are able to agree.

   (d) The motion for appointment and the order appointing the special judge shall be noted on the docket. A written motion or order may be filed among the papers of the case.

   (e) The special judge has the powers of the county judge in relation to the matter involved. TEX.GOV'T CODE ANN. § 26.022.

lenge jurisdiction of jurist to preside," alleging that the appointment of the special judge did not comply with section 26.022.[2] The trial court overruled the motion.[3] On appeal to the Tenth Court of Appeals, appellant argued that the appropriate provisions governing the appointment of the special judge are articles 30.03 through 30.05 of the Texas Code of Criminal Procedure,[4] but even under section 26.022 of the Texas Government Code the appointment was improper. The Court of Appeals held that appellant waived his right to complain of the appointment, and that appellant's motion was properly overruled on the merits under section 26.022 of the Texas Government Code. *Miller*, slip op. at 5-6. Appellant contends (1) the decision of the court of appeals conflicts with *Williams v. State*, 677 S.W.2d 584 (Tex. App.—Austin 1984, no pet.), and (2) he did not waive his right to complain.

## I.

In *Williams*, the State, in order to salvage the conviction, argued that the appointment of the special judge was made pursuant to TEX.REV.CIV.STAT.ANN. art. 1933a (now TEX. GOV'T CODE ANN. § 26.022) rather than TEX. CODE CRIM.PROC.ANN. arts. 30.03 through 30.-05. The Third Court of Appeals rejected the State's argument and held, that in the absence of evidence to the contrary, it would not presume that the special judge was appointed for any reason aside from those listed in TEX.CODE CRIM.PROC.ANN. art. 30.03. *Williams*, 677 S.W.2d at 587–88. The record in *Williams* was silent as to the statutory authority for the appointment of the special judge. Here, however, the record affirmatively reflects that the special judge was appointed pursuant to section 26.022 of the Texas Government Code. Therefore, *Williams* is distinguishable.

## II.

■■■ The State asserts that appellant waived his right to complain of the appointment because of noncompliance with article 28.01 of the Texas Code of Criminal Procedure. Alternatively, the State also argues that quo warranto is the exclusive means to contest the appointment of a special judge. Article 28.01 of the Texas Code of Criminal Procedure provides that certain preliminary matters are waived if not raised or filed seven days before the pre-trial hearing. TEX.CODE CRIM.PROC.ANN. art. 28.01, § 2. We need not decide today whether the time limitations in article 28.01 apply to a motion challenging the appointment of a special judge because it appears from the record that the trial court overruled the motion on the merits.[5] In this case, appellant objected

2. Appellant's motion in pertinent part states:

> ... [T]his appointment fails to meet the requirements of [section 26.022 of the Texas Government Code] in the following respects:
> (a) The appointment was a general appointment and applies to several pending cases to be tried when the statute limits the appointment to *"any pending civil or criminal matter."* It is clear that the statute refers to each case individually, and not the appointment of a judge to hear a multitude of criminal cases to be tried before a jury.
> (b) There is no showing in this case that a motion of the Court or any counsel was filed of record in the matter. In fact, there is only a notation that the Honorable Allen Place was appointed under the authority of Texas Government Code [sec.] 26.022. Likewise, the undersigned counsel has never received a notice and/or hearing on the appointment.
> (c) The defense counsel has not and did not agree on the said appointment. The Hill County Bar Association has likewise never agreed to such appointment.
> (emphasis in original).

3. A notation on the docket sheet dated May 15, 1989, states: "Set # 2—Pre–Trial held—Motions to Quash, Dismiss, & to Challenge Jurist overruled." Both the State and appellant assert in their briefs that the trial court overruled the motion.

4. Article 30.03 provides for the appointment of a special judge in a criminal case when the county judge is disqualified, absent, or disabled. Article 30.04 requires the special judge take the oath of office prescribed by the Texas Constitution. Article 30.05 requires the minutes of the court to reflect that the judge was disqualified, absent, or disabled; that the special judge was agreed on by the parties, or elected, or appointed; and that the special judge took the required oath.

5. Although the statement of facts does not reflect a ruling in open court, the docket sheet does reflect that the trial court *overruled* the motion. The record does not reflect that the trial court dismissed or refused to consider the motion because it was untimely filed; nor does the record reflect that the State raised the issue of untimeli-

to the appointment of the special judge before trial; therefore, appellant did not waive the right to challenge the appointment of the special judge on appeal.[6] *See Janecka v. State*, 823 S.W.2d 232, 243–44 (Tex.Crim.App. 1992) (op. on reh'g) (State waived objection to appointment of special master by failing to object at the time of appointment); *McFarland v. State*, 834 S.W.2d 481, 486 (Tex. App.—Corpus Christi 1992, no pet.) (defendant waived objection to appointment of special judge by failing to object at time of appointment).

■■■ The State also argues that a quo warranto proceeding is the only means to contest the appointment of a special judge. *See Keen v. State*, 626 S.W.2d 309, 311–12 (Tex.Crim.App.1981); *Archer v. State*, 607 S.W.2d 539, 543–44 (Tex.Crim.App.1980), *cert. denied*, 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). We disagree. A quo warranto proceeding is available if "a person usurps, intrudes into, or unlawfully holds or executes a franchise or an office...." TEX. CIV.PRAC. & REM.CODE ANN. § 66.001(1). In *Keen* and *Archer*, this Court held that a quo warranto proceeding was the proper procedure for attacking the authority of a municipal court judge holding office under color of title. Quo warranto is also the only means to challenge the authority of a duly-elected district judge or an appointed retired district

judge. *See Ex parte Lefors*, 171 Tex.Crim. 229, 347 S.W.2d 254 (1961); *Tart v. State*, 642 S.W.2d 244, 245–46 (Tex.App.—Houston [14th Dist.] 1982). However, special judges, unlike duly-elected judges or retired judges, are not office holders subject to quo warranto. A duly-elected judge or retired judge is a judge in his or her own right. A special judge, on the other hand, is a person who serves as a judge in a particular case, but who is otherwise not a judge.

### III.

Appellant also contends the appointment of the special judge did not comply with section 26.022 of the Texas Government Code because (1) the appointment was for several cases, instead of one; (2) a written motion regarding the appointment was not filed; (3) he did not receive notice of a hearing or a hearing on the appointment; and (4) he did not agree to the appointment.[7] We need not decide appellant's first and second contentions because appellant's third and fourth contentions have merit.

■■■ Although appellant was entitled to a hearing on the appointment of the special judge under TEX.GOV'T CODE ANN. § 26.-022(b), the record does not reflect that a

---

ness in the trial court. *See, e.g., Goff v. State*, 727 S.W.2d 603, 604 (Tex.App.—Texarkana 1987) (trial judge ruled that motion to quash indictment filed on day of jury selection was untimely and refused to consider it), *rev'd on other grounds*, 777 S.W.2d 418 (Tex.Crim.App.1989).

**6.** We are not presented with the question of whether Allen Place was a de facto judge, the official acts of whom would be valid. 48A C.J.S. *Judges* § 63 (1981). A de facto judge is a judge acting under color of authority and who is regarded as exercising the functions of the judicial office he or she assumes. *Id.* § 2b. A de facto judge requires acquiescence. *Id.* A de facto judge must also take the oath of office prescribed by the Texas Constitution. *French v. State*, 572 S.W.2d 934, 939 (Tex.Crim.App.1978) (op. on 2nd reh'g). Allen Place was not a de facto judge because appellant objected to his occupation of the office, and the record does not reflect that he took the required oath.

We are also not presented with the question of a judge who is disqualified as a matter of law. That objection can be raised for the first time on appeal. *Ex parte Vivier*, 699 S.W.2d 862, 863 (Tex.Crim.App.1985).

Nor are we presented with a question of lack of subject matter jurisdiction of the convicting court which can also be raised for the first time on appeal. *Gallagher v. State*, 690 S.W.2d 587, 588 (Tex.Crim.App.1985). "[A] court is a tribunal organized for the purpose of administering justice, while a judge is the officer who presides over that tribunal[.]" 48A C.J.S. *Judges* § 2a. "The authority and powers of a judge are incident to, and grow out of, the jurisdiction of the court itself." *Id.* § 54. Thus, the authority of the special judge to preside in the county court is a different question than the subject matter jurisdiction of the county court itself. Appellant's motion does not challenge the subject matter jurisdiction of the Hill County Court; rather, appellant's motion alleges the appointment of Allen Place as the special judge did not comport with section 26.022 of the Texas Government Code, thereby challenging the procedure in which Allen Place was appointed a special judge.

**7.** *See supra* footnote 2.

hearing was held.[8] Because "the clear intent of the statute is for the attorneys to have an opportunity to agree on a special judge before one is appointed by the county judge[,]"[9] the hearing contemplated by section 26.022(b) is a hearing before the county judge to consider who will be appointed the special judge. This is different than a pre-trial hearing before the special judge to resolve pre-trial matters. *See* Tex.Code Crim. Proc.Ann. art. 28.01. And, the record does not reflect that appellant was afforded the opportunity to agree to the appointment of the special judge. Tex.Gov't Code Ann. § 26.022(c)(2). Nor does the record reflect that the court considered the recommendations of the court's attorneys. *See id.* § 26.028 ("The county judge shall consider the recommendations of attorneys of the court as to the implementation of this subchapter and the accomplishment of its purposes."). The appointment of Allen Place as the special judge was not in compliance with Tex.Gov't Code Ann. §§ 26.022 & 26.028, and constituted error.

## IV.

Having found error, we must reverse the conviction unless we determine beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. Tex.R.App. P. 81(b)(2). Of course, not all errors are subject to a determination of harm under rule 81(b)(2).[10] Certain kinds of error "cannot be subjected to a harm analysis in any meaningful manner because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error." *Sodipo v. State*, 815 S.W.2d 551, 554 (Tex.Crim.App. 1990) (op. on original submission). "The distinctive characteristic of these violations is that it is extremely difficult to know whether they might have affected the outcome, or the likelihood that they have influenced the outcome is so strong that it is not worth expending the judicial resources necessary to evaluate the effect of the error in particular cases." *Id.* at 554–55 (footnote and citations omitted). This reasoning equally applies to the appointment of a special judge in a manner that fails to comply with statutory authority. "A determination of harm in this context is virtually impossible." *Morrison v. State*, 845 S.W.2d 882, 889 (Tex.Crim.App. 1992).

Accordingly, the appointment of a special judge not in compliance with statutory authority is not the type of error that we can meaningfully analyze under Tex.R.App. P. 81(b)(2); therefore, we hold such error is not subject to a harm analysis under rule 81(b)(2). *See Reed v. State*, 55 Tex.Crim. 137, 114 S.W. 834 (1908) (the failure of the appellate record to affirmatively demonstrate that the special judge was appointed in compliance with statutory authority is reversible error).

The judgment of the Court of Appeals is REVERSED and this cause is REMANDED to the Hill County Court for further proceedings consistent with this opinion.

McCORMICK, P.J., concurs in the result.

---

8. The State argues that appellant waived his right to a hearing because he failed to urge his motion before the trial court. We disagree. The supplement to the statement of facts reflects that on May 15, 1989, appellant announced he had several motions and would be ready to proceed to trial subject to those motions. The special judge told defense counsel "let me let you have a seat and let you know whether we can get to your case or not. We can only do so many. If you'll wait around."

9. *Saylors v. State*, 836 S.W.2d 769, 773 (Tex. App.—Waco 1992).

10. *See, e.g., Warmowski v. State*, 853 S.W.2d 575 (Tex.Crim.App.1993) (violation of Tex.Penal Code Ann. § 3.04(a)); *Meek v. State*, 851 S.W.2d 868, 870–71 (Tex.Crim.App.1993) (violation of Tex. Code Crim.Proc.Ann. art. 1.13); *Marin v. State*, 851 S.W.2d 275, 281 (Tex.Crim.App.1993) (violation of Tex.Code Crim.Proc.Ann. art. 1.051(e)); *Chappell v. State*, 850 S.W.2d 508, 513 (Tex. Crim.App.1993) (violation of Tex.Code Crim.Proc. Ann. art. 35.11); *Morrison v. State*, 845 S.W.2d 882, 889 (Tex.Crim.App.1992) (permitting jurors to question witnesses); *Perez v. State*, 824 S.W.2d 565, 568 (Tex.Crim.App.1992) (failure to provide complete statement of facts for purposes of appeal); *Sodipo v. State*, 815 S.W.2d 551, 554–55 (Tex.Crim.App.1990) (op. on original submission) (violation of Tex.Code Crim.Proc.Ann. art. 28.10); *Nunfio v. State*, 808 S.W.2d 482, 485 (Tex.Crim. App.1991) (denial of proper voir dire question that prevents intelligent use of peremptory challenges).

WHITE, J., dissents.

CAMPBELL, J., not participating.