Daniel James SIXTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01284–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 24, 1994.

Rehearing Denied April 14, 1994.

Paul J. Coselli, Michael K. Aduddell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Scott A. Durfee, Asst. Dist. Atty., Laine Lindsey, Asst. Dist. Atty., Vanessa Velasquez, Asst. Dist. Atty., Harris County, for appellee.

Before HUTSON–DUNN, COHEN and MIRABAL, JJ.

**OPINION**

HUTSON–DUNN, Justice.

A jury found appellant, Daniel Sixta, guilty of driving while intoxicated. The trial court sentenced appellant to 20–days confinement and a $300 fine.

Appellant brings two points of error, asserting that the State failed to prove venue and that the judge who presided over the case was not statutorily qualified. We affirm.

In his first point of error, appellant argues that the trial court erred in denying his motion for instructed verdict because the State failed to prove venue. Officer Ramirez, the arresting officer, testified that the location of appellant's arrest at Briarpark and Gessner is in Harris County. Appellant points out that Briarpark and Gessner do not intersect in Harris County and without other probative evidence, a jury could not reason-

ably conclude that the offense was committed in Harris County.

██ Venue may be proven by a preponderance of the evidence. *Black v. State,* 645 S.W.2d 789, 790 (Tex.Crim.App.1983). Proof of venue may be established by direct or circumstantial evidence. *Id.* Failure to prove venue in the county of prosecution is reversible error. *Id.* at 791.

Officer Ramirez testified that he was driving westbound on Richmond approaching Gessner when he first suspected that appellant might be driving in an intoxicated state. He stated that after he stopped appellant he noticed that there was an Internal Revenue Service building on one side of the street and a Continental Airline corporate office on the corner. After arresting appellant, he took him to the Westside police substation, which he testified was on the corner of Richmond and Dairy Ashford, two or three miles down the road from the site of the arrest.

██ Under Texas Rule of Criminal Evidence 201, this Court may take judicial notice of adjudicative fact that is "not subject to reasonable dispute in that it is either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." First, at appellant's request, we take judicial notice that there is no intersection of Gessner and Briarpark in Harris County. Nevertheless, we also note that there is an Internal Revenue Service building at 3223 Briarpark in Houston and a Continental Airlines City Ticket Office at 9999 Richmond and that these are located near the intersection of Briarpark and Richmond. Further, the Houston Police Department Westside Substation is located at 3203 S. Dairy Ashford in Houston, a location approximately three miles west of the intersection of Briarpark and Richmond. This Court may take judicial notice of the fact that Houston is located in Harris County, Texas. *Bender v. State,* 739 S.W.2d 409, 412–13 (Tex.App.—Houston [14th Dist.] 1987), *pet. ref'd per curiam,* 761 S.W.2d 378 (Tex.Crim.App. 1988). We find that a rational trier of fact could have found that this offense occurred in

Harris County, Texas. *Id.; Geesa v. State,* 820 S.W.2d 154, 158 (Tex.Crim.App.1991).

We overrule point of error one.

██ In his second point of error, appellant argues that the judgment against him is void because documents appointing the special judge were filed too late. On December 10, 1992, the presiding judge of the Harris County Criminal Courts at Law appointed Willie H. Coleman, Jr. to serve as special judge of County Criminal Court at Law Number 13 from December 14, 1992 through December 15, 1992. On December 14 and 15, 1992, Coleman presided over the instant trial. The clerk of the trial court filed the order appointing Coleman as a special judge on December 15, 1992.

The relevant statute states:

When a special judge is ... appointed as herein provided, the clerk shall enter in the minutes as a part of the proceedings in such cause a record showing: 1) That the judge of the court was disqualified, absent, or disabled to try the cause; 2) That such special judge ... was ... appointed; 3) That the oath of office prescribed by law was duly administered to such special judge.

TEX.CODE CRIM.P.ANN. art. 30.05 (Vernon 1989).

Appellant argues that it was error for the trial judge to overrule his motion for new trial because the oath and order of appointment for the special judge were filed after Coleman assumed his duties. Therefore, he argues, the statute was not followed and all judicial actions taken before the entry into the minutes should be rendered null and void. *Saylors v. State,* 836 S.W.2d 769, 770, 771 (Tex.App.—Waco 1992, no pet.).

The most recent case directly addressing this issue is *Baker v. State,* 159 Tex.Crim. 130, 261 S.W.2d 593 (1953). The Court of Criminal Appeals refused to read into the statute a requirement that the clerk record the oath into the minutes of the court at any specific time. *Id.* at 595. The court stated,

The conclusion is reached that the construction to be given said statute is that it requires that the oath of office be recorded in the minutes of the court, in order that there might exist permanent evidence not

only that the special judge took the oath of office but also permanent evidence of the oath that was actually taken.

In the absence of any suggestion of injury, or of an opportunity on the part of the accused to attack the form of the oath of office if he so desired, we are unable to conclude that time of entry of the oath of office in the minutes was a requirement of the statute.

*Id.*

Appellant cites *Woodland v. State,* 148 Tex.Crim. 47, 184 S.W.2d 623, 625 (1945); *Saylors,* 836 S.W.2d at 769; and *Williams v. State,* 677 S.W.2d 584, 587 (Tex.App.—Austin 1984, no pet.), to show that the entry of the necessary items into the minutes is a substantive, fundamental requirement of article 30.05. Nevertheless, all of these cases address the failure to comply with article 30.05 and not the timeliness of the filing of the items into the minutes as is the case with *Baker.*

Finally, appellant argues that his case is analogous to *Lone Star Industries, Inc. v. The Honorable Gene Ater,* 845 S.W.2d 334 (Tex.App.—El Paso 1992, no writ). In *Ater,* the court found that all the acts of a retired judge who was assigned to preside over a number of cases were void because he had not filed his election letter with the Texas Supreme Court as required by TEX. GOV'T CODE ANN. § 75.001 (Vernon 1988). *Ater,* 845 S.W.2d at 336. We find *Ater* distinguishable because it is a civil case, it does not mention or distinguish *Baker,* and it deals with a different statute.

This Court must follow *Baker.* Appellant has shown no "suggestion of injury, or [lack] of an opportunity on the part of the accused to attack the form of the oath of office," *Baker,* 261 S.W.2d at 595. Further, although *Baker* only dealt with the timeliness of the filing of the oath and not the order of appointment, we see no reason to make a distinction.

We overrule point of error two.

We affirm the judgment.