Johnny Ray **ETCHISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–99–324–CR.

Court of Appeals of Texas,
Waco.

July 11, 2001.

John M. Hurley, Waco, for appellant.

Patricia Ferguson, County Attorney, Meridian, for appellee.

Before Chief Justice DAVIS, Justices VANCE, and GRAY.

**OPINION**

GRAY, Justice.

Johnny Ray Etchison was convicted by a jury of Driving While Intoxicated. He elected to be sentenced by the trial court and received 90 days in jail. He appeals, attacking the appointment of a "special judge" to his criminal case. We affirm.

BACKGROUND

Because this appeal involves only the appointment of the special judge, we will not discuss the facts of the case.

Before trial, the county judge of Bosque County filed its own motion to appoint a special judge in Etchison's case under Texas Government Code section 26.022, asserting that Bosque County had no statutory county court at law or statutory probate court, all duties of the county court fell on the county judge, and that good cause existed to appoint a special judge. The motion was set for a hearing on the

same day. At the same time the motion and its attached notice of hearing was filed, the prosecuting attorney and Etchison's attorney filed a joint document acknowledging that each had adequate notice of the county judge's motion, waived any objection to the appointment of a special judge, waived appearance at the hearing on the court's motion, and nominated Phil Robertson to serve as special judge pursuant to the Texas Government Code. Each attorney signed the document.

Again on the same day, the county judge signed an order appointing Phil Robertson as the special judge. The county judge made the following findings:

The Court finds that Bosque County has no statutory county court at law and no statutory probate court.

The Court finds that good cause exists for appointing a special judge with respect to this case.

The Court finds that notice of hearing of the appointment has been given and that Counsel for the State and the Defendant have waived appearance at the hearing.

The Court finds that Counsel for the State of Texas and the Defendant have agreed to Phil Robertson, a licensed attorney and qualified by law to be County Judge, as the Special Judge in this case.

Two days later, on August 27, 1999, Phil Robertson swore to a "Statement of Officer" and an "Oath." Both documents were filed on August 30, 1999. Etchison's trial began on September 2, 1999, and concluded on September 10, 1999.

To effectively resolve this appeal, it is necessary to address Etchison's issues in reverse order.

VALID APPOINTMENT

■ In his third issue, Etchison contends that former Articles 30.03 through 30.05 of the Code of Criminal Procedure

govern the procedure in appointing a special judge and that because the articles were repealed effective September 1, 1999, and did not contain a savings clause, the appointment of the special judge was invalid. *See* TEX.CODE CRIM. PROC. ANN. arts. 30.03 through 30.05 (Vernon 1989) (repealed by Act of May 26, 1999, 76th Leg., R.S., ch. 1388, § 14, eff. Sept. 1, 1999).

It is apparent from the record that the special judge was appointed pursuant to section 26.022 of the Texas Government Code, not through the Code of Criminal Procedure. Section 26.022 as it appeared prior to September 1, 1999, provided in part:

> (a) The county judge for good cause may at any time appoint a special judge with respect to any pending civil or criminal matter.

TEX. GOV'T CODE ANN. § 26.022 (Vernon 1988) (amended by Act of May 24, 1995, 74th Leg., R.S. ch. 782, § 7, eff. Sept. 1, 1995, and by Act of May 26, 1999, 76th Leg., R.S., ch. 1388, § 9, eff. Sept. 1, 1999). Section 26.022 applies only to a county in which there is no statutory county court at law or statutory probate court and all duties of the county court devolve on the county judge. *Id.* § 26.021. The parties do not dispute that section 26.022 applies to Bosque County. Article 30 does not apply to the appointment of a special judge where the record affirmatively reflects the appointment was pursuant to section 26.022 and where the county has no statutory county court at law or statutory probate court and that all duties of the county court fall on the county judge. *Miller v. State,* 866 S.W.2d 243, 245 (Tex. Crim.App.1993); *see also Saylors v. State,* 836 S.W.2d 769, 771 (Tex.App.—Waco 1992, pet. ref'd). *Cf. Todd v. State,* 911 S.W.2d 807, 812 (Tex.App.—El Paso 1995, no pet.) (where cause filed in a county court at law, section 26.022 did not apply to appointment of special judge). Thus, article 30 does not apply to Etchison's case.

■ Etchison alternatively argues that because section 26.022 was also amended to be effective on September 1, 1999, the saving provision from the Government Code does not apply to the appointment of a special judge occurring prior to that date. The 1999 amendment to section 26.022 changed "special" to "visiting" when describing the judge to be appointed under this provision. The relevant portion of the Government Code's "Saving Provisions" provides:

> (a) Except as provided by Subsection (b), the reenactment, revision, amendment, or repeal of a statute does not affect:
>
> > (1) the prior operation of the statute or any prior action taken under it
> >
> > . . .

TEX. GOV'T CODE ANN. § 311.031 (Vernon 1998). Etchison contends that the saving provision does not apply because his trial began after September 1, 1999, and the action described by the statute is the trial, not the appointment of the special judge. He cites no authority for this proposition.

Nevertheless, his argument fails. The 1999 legislative amendment for section 26.022 specifically provides:

> This Act takes effect September 1, 1999, and applies only to the assignment or selection of a judge to act for another judge made on or after the effective date of this Act. An assignment or selection of a judge made before the effective date of this Act is governed by the law in effect at the time the assignment or selection was made, and that law is continued in effect for that purpose.

Act of May 26, 1999, 76th Leg., R.S., ch. 1388 § 15, 1999 Tex. Gen. Laws 4694. Thus, the amendments to section 26.022 do

not apply to the appointment of the special judge because the appointment occurred prior to the effective date of the amendment. Etchison's third issue is overruled.

## DUE COURSE OF LAW

In his second issue, Etchison contends he was denied due course of law under the Texas Constitution because he was not personally served with the notice of the hearing and was not given the opportunity to be heard. The Government Code provides only that *counsel* is entitled to notice and hearing when a special judge is to be appointed. It does not provide that the parties are personally entitled to the same. Etchison has not provided us with any authority to support this proposition, and we do not read the statute to require personal notice and hearing. Etchison cites us to *Miller v. State* to support his statement that due course of law is violated when there is no hearing held and the defendant is not given an opportunity to agree to the appointment of the special judge. *See Miller v. State*, 866 S.W.2d 243 (Tex.Crim.App.1993). However, in *Miller*, the defendant filed an objection to the appointment of the special judge and was not given the opportunity to be heard on his objection. The record here is clear that Etchison's counsel had notice of the hearing and waived appearance for it. Etchison's argument is without merit, and his second issue is overruled.

## PROPER PROCEDURE

In his first issue, Etchison questions whether the special judge was appointed properly under section 26.022 of the Texas Government Code. Specifically, he argues that "good cause" was not detailed in the order appointing the special judge. He contends that "good cause" is shown only if a judge is disqualified, absent from the county, or disabled. In support of this, he cites us to the now repealed provisions of the Code of Criminal Procedure which deal with the disqualification of the judge. *See* TEX.CODE CRIM. PROC. ANN. arts. 30.03 through 30.05 (Vernon 1989) (repealed by Act of May 26, 1999, 76th Leg., R.S., ch. 1388, § 14, eff. September 1, 1999). However, we have already decided that these articles do not apply where the record is clear the special judge was appointed under section 26.022 of the Texas Government Code.

Etchison also cites us to our own case, *Saylors v. State*, in support of his argument. *See Saylors v. State*, 836 S.W.2d 769, 771 (Tex.App.—Waco 1992, pet. ref'd). However, in *Saylors*, we reversed the case because the record did not reflect, under section 26.022, that each counsel of record was given notice and accorded a hearing on the matter or that the county judge considered the recommendations of the attorneys in its appointment of the special judge. *Id.* at 772. Etchison has not cited us to any authority which requires the county court to recite the underlying facts which support its finding of "good cause." Section 26.022 does not require any more than "good cause" for appointing a special judge, and our record shows the county court found "good cause." Etchison's first issue is overruled.

## CONCLUSION

Having overruled each issue, the judgment of the trial court is affirmed.